P. J. NEVIN *v.* W. H. BAILEY ET AL. AND W. H. BAILEY ET
AL. *v.* P. J. NEVIN.

TAX TITLE. *Suit to invalidate after three years from sale. Section* 1709, *Code* 1871, *construed.*

Section 1709 of the Code of 1871 contained the provision that "no suit shall be commenced in any court of this State to invalidate any tax titles to lands after three years from the time said land was sold for taxes." The effect of this provision, construed within constitutional limits, is to protect any title, purchased at a tax sale made after its passage and while it is operative, against any suit commenced more than three years after the sale and seeking to invalidate that title because of any defective or irregular compliance with legislative, and not constitutional, requirements in connection with or affecting such sale—as the failure of the board of supervisors to examine and receive the assessment roll at the time appointed therefor by law, or the sale of the land on the wrong day.

62 MISS.—28

APPEAL from the Circuit Court of Lincoln County.

HON. A. G. MAYERS, Judge, presiding by interchange with Hon. J. B. Chrisman.

On the 23d of January, 1884, P. J. Nevin brought this action of ejectment to recover of W. H. Bailey and others certain lands claimed by the defendants under tax sales made in the years 1871 and 1872. The defendants plead "not guilty." A jury was waived and the case submitted for trial to the judge, who rendered a judgment in favor of the plaintiff as to an undivided one-half interest in the lands sued for, and in favor of the defendants as to the other undivided one-half interest. The plaintiff appealed and the defendants took a cross-appeal.

*Calhoon & Green*, for the appellant and cross-appellee.

The tax sales through which the defendants claim title, having been made on a day other than that authorized by law, were void. *McGehee* v. *Martin*, 53 Miss. 519; *Meade* v. *Day*, 54 Ib. 58; *Harkreader* v. *Clayton*, 56 Ib. 383. All three of the deeds relied upon by defendants are void because the purchaser, R. D. Lanier, was the deputy sheriff, who cried off the lands at the sale at which he bought.

No *competent* evidence *aliunde* shows that the deeds misstated the true dates. On the contrary, the competent evidence shows the reverse.

The court below erred in refusing to allow Nevin to introduce the proceedings of the board of supervisors offered by him to show void assessment and levy in order to defeat the pretended tax title.

This record, so excluded, shows that the levy of taxes was made on September 29, 1871, and at an *adjourned* meeting, because the minutes show that on September 11, 1871, the board adjourned to September 29, 1871. It was therefore void. *Smith* v. *Nelson*, 57 Miss. 138; *Wolfe* v. *Murphy*, 60 Miss. 14.

The three years' limitation contained in § 1709, Code 1871, is unconstitutional. *Dingey* v. *Paxton*, 60 Miss. 1040. Section 1709, upon the maxim of construction, *noscitur a sociis*, refers only to land sold to the State and subject to entry at the auditor's office. See that and the preceding sections.

*S. S. Calhoon* and *H. Cassedy,* on the same side, argued the case orally.

*R. H. Thompson,* for the appellees and cross-appellants.

The statute of limitations, three years, § 1709, Code 1871, constitutes a perfect defense to the plaintiff's action. More than three years from the date of the sales elapsed before suit brought and before repeal of the § 1709.

Now, if this statute was constitutional in its application to this case there is an end of this controversy.

That the legislature has power to pass statutes of limitation cannot at this day be questioned, and it has power to make them applicable to suits, the object of which is to invalidate tax titles. Has the legislature power to determine when the statute shall begin to run? Common statutes of limitation fix an uncertain time, viz.: when the plaintiff's cause of action accrues; § 1709 fixes a time certain, viz.: the date of the sale. To my mind it seems that the power to fix the time from which the running of the statute is to be computed is necessarily involved in the power to pass limiting statutes, and that whether the time fixed be certain or uncertain is immaterial.

*R. H. Thompson* also made an oral argument.

COOPER, J., delivered the opinion of the court.

By § 1709 of the Code of 1871, it was declared that "No suit shall be commenced in any court of this State to invalidate any tax titles to lands after three years from the time said land was sold for taxes."

The defendants claimed the *locus in quo* under tax sales made after the adoption of the code, and more than three years elapsed after the sale and before the institution of this suit. The titles acquired by the defendants are attacked on the ground that the Board of Supervisors of Lincoln County examined and received the assessment rolls under which the sales were made at an adjourned meeting, which meeting was not held at any time fixed by law for a meeting of that body, and also because the sales were made on the wrong days.

Conceding these facts to be established, the question is, can the title of the defendants be now assailed on these grounds?

Considered as statutes of limitations, legislation of this character has been the subject of severe criticism, both by the courts and the text-writers, and grave questions of its constitutionality in certain circumstances have been suggested.    See Cooley on Taxation 377 to 384, and authorities cited in notes.

It may be seriously doubted whether the statute partakes more of the character of a statute of limitations than of one declaring a rule of evidence or operating as a curative act. Whatever its appropriate name may be, its effect is to preclude any inquiry into the validity of a tax sale made after its passage and more than three years before the institution of the suit in which the deed of the purchaser is assailed as to any defective or irregular execution of those powers or duties which are conferred or imposed on the officers conducting the sale by the legislature, and not by the constitution of the State.    Wherever there has been an assessment, charge, and sale which complied with the requirements of the constitution but which failed in any respect of conforming to those things which rested solely on legislative will and which might have been constitutionally dispensed with, or provided to be done in the manner in which they were done, and a default on the part of the owner, then in the states of case named in the statute the title of the purchaser is protected from attack. Where, as in this case, the objection is made that the sale was made on the wrong day, the statute is to be read as especially and distinctly authorizing the sale to be made on the day named in the law, or on that on which it was made. To the objection that the roll was received and examined by the board of supervisors at an adjourned meeting, it replies by authorizing in advance that meeting to be held for that purpose on that day.    It existed as a part of the revenue laws of the State, and its declaration was an admonition to those owning property subject to taxation, and an assurance to those who should become purchasers at tax sales, that after the lapse of a certain time from the day of the sale for taxes all those requirements imposed by the legislature should be read as

directory and not mandatory laws, and that no failure to conform thereto should be held to invalidate the title acquired by the purchaser.

Within this limit the constitutionality of the act seems to be undoubted, and within this limit fall all the objections raised to the title of the defendant.

*On the appeal of Nevin, the judgment is affirmed; on the cross-appeal of Bailey, it is reversed and cause remanded.*