## C. C. GIBSON *v.* ELLA BERRY.

1. TAX SALE. *Lapse of three years. Code* 1871, § 1709.
    Section 1709 of the code of 1871, which provides that, " no suit shall be commenced in any court of this state to invalidate any tax-title to lands after three years from the time said land was sold for taxes," was in force and applicable to the tax sales made in March, 1876, for the delinquent taxes of 1875. Its subsequent repeal before the expiration of the three years did not affect the right of the purchasers at such sales.

2. SAME. *Effect of the lapse of three years under* § 1709, *code* 1871.
    Said statute had the effect to preclude inquiry into tax sales made under it for any mere irregularity attending the sale, and this whether the tax-title is asserted by a plaintiff or defendant.

3. PRACTICE. *Exclusion of evidence for defendant.*
    A court may exclude all the evidence introduced by a defendant on the same grounds on which it would exclude the evidence of a plaintiff.

FROM the circuit court of Pike county.

HON. J. B. CHRISMAN, Judge.

This was an action of ejectment brought by the appellee on a tax-title acquired from the state. The land was sold to the state in March, 1876, for the delinquent taxes of 1875, and was purchased from the state by the appellee's vendor.

The defendant objected to the tax-title as being void, and introduced evidence showing, or tending to show, that the tax collector in selling the land, which consisted of one hundred and sixty acres, failed to observe the provisions of the statute requiring land sold for taxes to be offered first in the smallest legal subdivisions. Code 1871, § 1697. The contention by defendant is that forty acres was

the smallest legal subdivision within the meaning of the act. The plaintiff introduced in evidence the list of lands sold to the state, the conveyance from the auditor to her vendor, and from the latter to her, and rested. The only evidence offered by the defendant was in support of the above-mentioned objection to the tax sale, and tended to show that the collector in making the sale begun by offering the entire one hundred and sixty acres and sold it in this manner.

Upon motion of the plaintiff, the court excluded all the evidence introduced for the defendant as presenting no defense to the action. The plaintiff had judgment, and the defendant appealed and assigns for error this action of the court in excluding all of his evidence.

*S. E. Packwood*, for appellant.

1. It was error to sustain the motion by plaintiff to exclude defendant's testimony. A motion to exclude is equivalent to a demurrer to the evidence, and this does not lie in favor of one holding the affirmative of an issue. Gould on Pleading (4th ed.) 446 and 449 ; *Goodman* v. *Ford*, 23 Miss. 595. The affirmative or burden in this case was on the plaintiff.

2. Even if a plaintiff can demur to a defendant's evidence, the demurrer will not be sustained if the evidence even tends to prove the defense.

The evidence showed that the collector did not first offer the land in the smallest legal subdivision. This avoids the sale. *Griffin* v. *Ellis*, 63 Miss. 348.

3. As the defendant's evidence tended to prove this fatal defect, on the demurrer to the evidence, or the motion to exclude, the court should have taken as true in favor of defendant all that was left uncertain by the evidence. *Hicks* v. *Steigleman*, 49 Miss. 377 ; *Stocker* v. *Green*, 4 Am. State Rep. 382.

*Nugent & McWillie*, for appellee.

1. There is no merit in the position that the motion to exclude was equivalent to a demurrer to the evidence and could not be made by a plaintiff. The burden shifted on the production of plaintiff's muniments of title, and the defendant then undertook to make out

an affirmative defense. The court could not have sustained a ver-dict if for defendant on this evidence. It was therefore folly to wait for a verdict, and the court did right in anticipating the action of the jury. *R. R. Co.* v. *Doyle,* 60 Miss. 985.

2. More than three years elapsed from the time of sale to the date of suit. Section 1709, code 1871, applied and was curative, and proof of failure to observe the statutory requirement was in-effectual to invalidate the title. *Nevin* v. *Bailey,* 62 Miss. 433; *Sigman* v. *Lundy, post* 522.

CAMPBELL, J., delivered the opinion of the court.

As the sale for taxes under which the plaintiff claimed was made when § 1709 of the code of 1871 was unrepealed, it applied to the sale, although subsequently repealed, and operated to pre-clude inquiry into the sale for any mere irregularity attending it. *Nevin* v. *Bailey,* 62 Miss. 433.

We know no reason why a court may not exclude evidence intro-duced by a defendant on the same grounds on which it would exclude evidence of the plaintiff.

*Affirmed.*