CHRISTOPHER COLUMBUS COLE *v.* EBENEZER ZACHARY TAYLOR COON ET AL.

1. TAX-TITLE. *List of lands. Certificate. Code* 1871, § 1698.

Under § 1698, code 1871, requiring a tax-collector to file with the chancery clerk a list of lands sold for taxes, "certified under his hand to be correct," which shall be in lieu of conveyances, it is sufficient that a list be filed, subscribed by the tax-collector, though omitting to state that it is a *correct* list.

2. SAME. *Code* 1871, § 1709. *Lapse of three years. Irregularity.*

Under § 1709, code 1871, where more than three years elapsed after a sale of land for taxes, any mere irregularity, as an excessive levy, cannot be made available to defeat the tax-title. *Gibson* v. *Berry,* 66 Miss., 515; *Sigman* v. *Lundy, Ib.,* 522.

3. SAME. *Code* 1871, § 1709. *Invoked without being pleaded.*

The curative effect of § 1709, code 1871, as to tax-sales, is always available where the facts make the statute applicable. Unlike a mere statute of limitations, it is not required that it shall be pleaded. It may be invoked on appeal for the first time.

FROM the chancery court of Lincoln county.

HON. H. C. CONN, Chancellor.

The appellant, Cole, filed the bill in this case to confirm tax-titles to certain lands. Appellees, E. Z. T. Coon and W. C. Coon, were made defendants, as were any or all other persons claiming title to the land. The bill alleges that the land was owned by the state of Mississippi, it having acquired title through tax-sales, and that on September 25, 1883, it

was conveyed to complainant by the auditor. The land consisted of two tracts, one of which was sold to the state for non-payment of taxes January 3, 1876, and the other March 7, 1881. The auditor executed separate deeds for the two tracts, and these were made exhibits to the bill. The defendants answered, E. Z. T. Coon disclaiming interest in the land. W. C. Coon denied that the state owned the land at the time of the conveyance to complainant, and asserted ownership in himself. He admitted that the land had been sold to the state, but set up various defects in the sales.

At the hearing, the complainant introduced the deeds from the auditor. He also introduced certified transcripts of the lists of lands sold to the state January 3, 1876, and March 7, 1881, as above. These included the land in controversy. The heading of the first-mentioned list was as follows: "A list of the lands sold to the state for the taxes due thereon for the year 1875, on the first Monday of January, 1876," etc. Then followed the description of the lands, and this was subscribed by the tax-collector. Objections as to matters of form were made by the defendant to the introduction of these lists.

The defendant, among other things, set up that the taxes on the land sold January 3, 1876, had been paid, and, also, that there was an excessive levy of taxes for that year, and that this latter was true in respect to the sale of March 7, 1881. At the hearing, defendants offered to introduce a tax-receipt showing that the taxes on the land sold January 3, 1876, were paid by him to the tax-collector January 20, 1876. He also offered to show that he applied to the chancery clerk to redeem and pay the taxes after the sale, and was informed by the clerk that the tax-collector had not filed with him the list of lands sold to the state, and that he would have to pay the taxes to the collector, which he accordingly did January 20, 1876. This evidence was objected to by complainant, on the ground that the collector had no authority to receive the taxes after the sale, and the objection was sustained. The

defendant also introduced certified transcripts from the minutes of the board of supervisors, with a view to show that there was an excessive levy of taxes for the years 1875 and 1880.

The court below decreed in favor of complainant as to the land sold in 1881, and denied him relief as to that sold in 1876. From this decree complainant appealed.

Section 1709 of the code of 1871 provides as follows: "No suit shall be commenced in any court of this state to invalidate any tax-titles to lands after three years from the time said land was sold for taxes." This statute is not alluded to in the pleadings.

It does not appear who was in possession of the land.

*R. H. Thompson,* for appellant.

The objection of defendant to the list of lands sold to the state in 1876 will not avail, because the answer admits the sale of the land to the state for taxes. But, aside from this, the objection is without force. It was not necessary that the collector should make use of the word "correct" in certifying the list. He filed a list of lands, which was authenticated by his official signature. If it was a list of the land he had sold, necessarily it was a correct list. The case of *Ferrill* v. *Dickerson*, 63 Miss., 210, has no application. In that case there was an entire absence of a certificate.

It is submitted that the levy of taxes for 1875 was not excessive. But, if it was excessive, the defendant cannot now avoid the tax-sale on that ground. Code 1871, § 1709; *Nevin* v. *Bailey*, 62 Miss., 433; *Gibson* v. *Berry*, 66 *Ib.*, 515; *Sigman* v. *Lundy*, *Ib.*, 522.

*A. C. McNair,* for appellee.

1. The decree appealed from is correct. If there is any error, it was committed in favor of appellant by excluding evidence of the redemption of the land from the tax-sale of 1876. This redemption was made by payment of the taxes

to the collector before he had filed with the chancery clerk the list of lands sold to the state.   By § 1698, code 1871, the collector was required to file with the chancery clerk, by the first Monday of February, a list of lands sold to the state, and the owner was given two years from the day of sale in which to redeem.   It would be startling if the right of re- demption accrued only from the time the list of lands were actually filed with the clerk.   The right of redemption can- not be curtailed by judicial construction.   *Moody* v. *Hoskins*, 64 Miss., 468.   The right to redeem through the clerk was not given until the list was filed with him, and, as there is no right without a remedy, it follows that the redemption could only be made through the collector during the time after the sale and before the filing of the list.

This was not an effort to show payment of the taxes by parol, as condemned in *Edmondson* v. *Ingram*, 68 Miss., 32. In the first place, it was a redemption, and not a payment of taxes, and, in the second place, the law providing for a cer- tain form of tax-receipt first appeared in the code of 1880. See § 516.

·2.  The list of lands sold in January, 1876, was inadmissi- ble because not properly certified.   The statute required the collector to file a list " certified under his hand to be correct." Code 1871, § 1698.   This is in lieu of conveyances, and the statute had to be complied with.   The provision was intended as a safeguard against frauds of the collector, and to give stability to titles acquired at tax-sales.   But it is sufficient to say that the statute required this form of certificate, and it is a tyrant.   Here the caption does not purport to be a cer- tificate, but was only intended as an identification of the paper.   On this point see *Ferrill* v. *Dickerson*, 63 Miss., 210 ; *Mayson* v. *Banks*, 59 *Ib.*, 447.

3.  The levy of taxes for the year·1875 was clearly excess- ive, and this rendered the sale void.   *Peterson* v. *Kittredge*, 65 Miss., 33.

4.  Section 1709, code 1871, does not aid complainant.   That

law is defensive. The authorities referred to by counsel do not sustain the position assumed. *Lewis* v. *Seibles*, 65 Miss., 251. This point was not made in the lower court, and will not be considered here.

CAMPBELL, C. J., delivered the opinion of the court.

Although not as full and formal as is desirable in such case, the list of lands sold to the state in Lincoln county, on the first Monday of January, 1876, may be regarded as certified in conformity to law, and as evidence of title in the state. It appears to have been authenticated as such list by the official signature of the tax-collector, and that meets the legal requirement.

More than three years having elapsed after the sale, which was subject to the curative operation of § 1709 of the code of 1871, then in full force, any mere irregularity in the proceedings resulting in the sale, cannot be made available to invalidate it. *Nevin* v. *Bailey*, 62 Miss., 433; *Gibson* v. *Berry*, 66 *Ib.*, 515; *Sigman* v. *Lundy*, *Ib.*, 522.

The cure wrought by time, in its silent flight, under that statute, is always available when claimed, and is declared by the court in every case in which the facts make it applicable, even if invoked in a cause for the first time here. It is not a mere statute of limitations, to be pleaded to be made available, but heals unasked.

*Decree reversed, and decree here for complainant; costs in both courts to be taxed to W. C. Coon.*