SMITH *et al. v.* HENDRIX.

(Division A.    Feb. 14, 1938.    Suggestion of Error overruled March 28, 1938).

[178 So. 819.    No. 32947.]

Ruth Campbell, of Yazoo City, for appellants.

Campbell & Campbell, of Yazoo City, for appellee.

**McGowen, J.,** delivered the opinion of the court.

Tom Hendrix, the appellee, brought an action of ejectment against the appellants, Alice Smith and Easter Little, in the county court of Yazoo county, for the possession of lot 1 of the subdivision of lot 332 of Lintonia addition to Yazoo City, Miss., as shown on Mercer's map of said city of 1905, and alleged that the appellants wrongfully deprived him of the possession thereof. The appellants appeared and pleaded the plea of general issue to the declaration; trial was had, and a judgment entered awarding the possession of the land to the appellee, Hendrix, whereupon appellants appealed to the

circuit court. Judgment was also rendered against them there, and they appeal to this court.

The appellant Alice Smith, and her tenant, Easter Little, were in possession as the owners of the land prior to a sale for taxes by the sheriff of the county. Hendrix' possession was based upon his title acquired from Yazoo City, which, in turn, acquired this lot and many others in a patent from the state of Mississippi. The state acquired title by virtue of a sale for taxes on August 1, 1932, wherein this lot and others were struck off to the states, as shown by the list of lands sold to the state, filed by the sheriff of that county. The sheriff's sale was conducted pursuant to an order of the board of supervisors of the county at its regular July, 1932, meeting, in which it was recited that the sheriff and tax collector did not sell the lands therein described at the regular time appointed by law for such sales, and the order fixed Monday, the 1st day of August, 1932, at the time for the sale of this lot and others.

There were a number of objections to the various orders of the board of supervisors and the board of mayor and aldermen of Yazoo City, and also to the authority of the city of Yazoo to purchase these lots from the state.

We shall consider only the objection made by the appellee herein to the patent from the state to Yazoo City, the appellee having purchased this lot from the city of Yazoo on a date subsequent to the patent.

The purchase of these lots, some within the city and some without, is asserted to have been by virtue of the authority conferred by sections 12 and 13 of chapter 174, Laws of 1936. Lands within the municipality struck off to it for unpaid municipal taxes are also authorized to be purchased from the state by chapter 280, Laws of 1936.

The only question we shall consider here is whether or not the board of supervisors was authorized, in July, 1932, to fix the date of sale of lands, by the sheriff and tax

collector, then in default for taxes due and delinquent for the fiscal year, 1931-1932. By chapters 24 and 25 of the Laws of the Extraordinary Session of 1931, the revenue laws were amended with reference to the imposition of taxes, due dates, and sale of land for taxes; and many sections of the Code of 1930, unnecessary to detail, were suspended during the fiscal year 1931-1932. By chapter 24 of the aforementioned laws, it was provided that taxes might be paid in installments, one-fourth on the first day of November of that year and the remainder in equal quarterly installments on the first day of February next and the first day of May and the first day of August following the date on which the taxes were levied and assessed, but that the November assessment should not be in default until the first day of February; and if any installment remained unpaid, all the taxes on a particular tract of land become due and payable.

By chapter 25, sections 3247, 3249, and 3256 of the Code of 1930 were suspended during the time this act was operative.

Section 3247, Code 1930, is amended by chapter 25, Laws of the Extraordinary Session of 1931, as follows: "After the 1st day of February and after the 1st day of August each year, the tax collector shall advertise all land in his county on which the taxes due and in arrears have not been paid, as provided by law, as well as all land which is liable to sale for other taxes which have matured as required by law, for sale at the door of the courthouse of his county on the first Monday of April and the third Monday of September following, as the case may be; such advertisement shall be inserted for three weeks in some newspaper published in the county, if there be one, but in counties having two court districts the land shall be advertised and sold in the district in which such lands are situated, and be put up at the courthouse door, and shall contain a list of the lands to be sold in numerical order," etc.

Section 3249, Code of 1930, was amended as follows: "On the first Monday of April and on the third Monday of September, as the case may be, if the taxes remain unpaid, the collector shall proceed to sell the land, or so much and such parts of the land, of each delinquent taxpayer, as will pay the amount of taxes due by him, and all costs and charges, to the highest bidder for cash," etc.

Section 3 of the said act amended section 3256 of the Code of 1930 so as to provide that the tax collector shall on or before the first Monday of June and on or before the third Monday of October file with the clerk of the chancery court the list of lands struck off to the state and to individuals. By its own terms the operation of chapter 25 ended December 31, 1932.

By section 3247, Code 1930, only one day in the year was fixed by law as the date of sale of lands for unpaid taxes, to-wit, the first Monday of April. As to this fiscal year, two days were fixed by law, as appears in the quoted part of the section for the sale of such lands. As to the dates fixed in chapter 25 of the Extraordinary Session, Laws of 1931, the first Monday of April and the third Monday of September, there is no preference or distinction; both were regular days, fixed by law, for the sale of lands for unpaid taxes.

By section 18 of chapter 24, Laws of Extraordinary Session of 1931, section 3252 was not suspended, but left in operation; and it is contended by the appellee that section 3252, being in operation, authorizes the board of supervisors to fix a day for the sale of such land between the first Monday of April and the third Monday of September of any year.

Section 3252, Code 1930, provides how land not sold at the regular time may be sold, the applicable part of which is: "If from any cause a sale of any land for taxes which is liable to such sale shall not be made at the time appointed by law for such sale, it may be sold

thereafter, in the same or a subsequent year, at any time designated therefor by order of the board of supervisors.''

We are of the opinion that the Legislature wisely left section 3252, Code 1930, in operation, for the reason that it might be applicable and necessary for it to operate after the third Monday of September, the last day of that year fixed by law for the sale of land for unpaid taxes by the tax collector. We are also of the opinion that chapter 24, Laws of the Extraordinary Session of 1931, fixed, by law, two days of the year 1932 on which the sheriff and tax collector could make sales of lands on which taxes had not been paid. There is no distinction in the statute between the two days; there is no reason why section 3252, Code 1930, should be invoked to order the sale of lands until the third Monday of September had passed and such lands then remained unsold. The very purpose of the Legislature in enacting chapters 24 and 25 of the Laws of the Extraordinary Session of 1931 was to grant to the taxpayer the easier, and the less rigid method of paying taxes by installment. No sound reason appears why the board of supervisors was called upon between the two days—the first Monday of April and the third Monday of September—to order a sale of land.

We are, therefore, of the opinion that while section 3252, Code of 1930, was left in operation, it could not be invoked by the board of supervisors as an authority for fixing a day for the sale of these lands until the last day fixed by law had passed for the sale of land upon which taxes had not been paid. The order made on the first Monday of July was premature, unnecessary, and void. The sale of the lands thereunder by the sheriff, therefore, was void. The state acquired no title thereunder, nor did the city of Yazoo. Therefore, its grantee, Hendrix, the appellee, had no title thereto. For the reasons stated, the objection to the patent by the state to the city of Yazoo and the deed of the city to Hendrix should

have been sustained. There should have been a judgment for the appellants here.

We will, therefore, remand the case to the circuit court, there to be proceeded with in accordance with this opinion.

Reversed and remanded.