WHITE *v.* NOBLIN.

(Division A.    Oct. 17, 1938.)

[183 So. 914.    No. 33225.]

Frank A. Critz, of West Point, for appellant.

**J. E. Caradine,** of West Point, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The land in question constitutes the homestead of appellee. He was the owner of it at all the times hereinafter mentioned. He has resided there for more than forty years, and still so resides. It became delinquent for the taxes assessed for the year 1931, and at the May Term, 1932, the board of supervisors of the county ordered the tax collector to sell all delinquent lands on the first Monday in June, 1932. This land was sold to the state on the latter day, and on June 16, 1936, the state by a forfeited tax land patent conveyed, or rather attempted to convey, it to appellant.

On October 24, 1936, appellant filed his bill against appellee, seeking to have appellant adjudged to be the owner of the land under said patent, and on October 5, 1937, he exhibited his amended and supplemental bill demanding a decree for rents. Appellee answered and averred that appellant had no title; that the tax sale to the state was invalid, and, particularly, that said sale was void for failure of the tax collector to comply with Section 3249, Code 1930.

It is not necessary to pursue the particular inquiry last mentioned, because under Smith v. Hendrix, Miss., 178 So. 819, the board had no authority to order a sale for delinquent taxes until after the third Monday in September, from which it follows, as held in that case, that a sale made in June, as is the case here, is of no legal

effect and conveys no title; and since the state obtained no title, it had none to convey to appellant.

Appellant has insisted, however, that inasmuch as appellee did not raise this question about the invalidity of the tax sale until the filing of appellee's answer and crossbill, which was on October 5, 1937—more than two years after the effective date of Chapter 196, Laws 1934—appellee is now barred from any such defense by the terms of said statute.

As applied to the facts of this case, appellant's position on the stated point is not well taken. In Russell Inv. Corp. v. Russell, 182 So. 102, 108, we distinctly held that Chap. 196, Laws 1934, has no application to an owner in possession, whether in person or by tenant. It was necessary to give the statute that construction in order to bring it within constitutional limitations.

It follows that the result reached by the trial court in cancelling appellant's patent, and in dismissing his bills, was correct, and the decree will be affirmed.

Affirmed.