### E. L. BRUCE Co. v. SMALLWOOD et al.

(Division B.   May 13, 1940.)

[196 So. 227.   No. 34147.]

Stone & Stone of Coffeeville, **Kermit R. Cofer**, of Water Valley, and **Patterson & Patterson**, of Calhoun City, for appellant.

774

**C. A. Bratton,** of Oxford, for appellees.

Argued orally by **W. I. Stone**, for appellant, and by **C. A. Bratton**, for appellees.

**McGehee, J.**, delivered the opinion of the court.

Mrs. Mary Jane Gullick, deceased, owned at the time of her death, on August 1, 1930, the 160 acres of land from which the appellant cut and removed the timber involved in this suit, and which land she had used and occupied as a farm for approximately seventy years, and until the dwelling house thereon was destroyed by fire. The land was not inclosed by fence, due to the fact that the stock law was observed in the locality where the same was situated. After Mrs. Gullick died, intestate, leaving the appellees as her sole heirs at law, they took charge of the land and paid the taxes thereon until the year 1933, and then allowed the same to become delinquent. Thereupon, the tax collector proceeded to advertise and sell the land for the taxes assessed and delinquent for 1932. The sale was made to the State on September 4, 1933, in violation of Section 9 of Chapter 383 of the Laws of the Extraordinary Session of the Legislature of 1932, which required such sale to be made either on the first Monday of April or the third Monday of September of that year, and was therefore void. Smith et al. v. Hendrix, 181 Miss. 229, 178 So. 819; White v. Noblin, 183 Miss. 92, 93, 183 So. 914.

Appellees remained in possession of the land after the tax sale, and during the years 1933 and 1934 caused about ten acres thereof to be cultivated by tenant, and likewise a small portion during the years of 1935 and 1936, when some hay was also harvested, there not being much of the land then in a state of cultivation, after the improvements had been destroyed by the fire.

There was no change in the character of their posses-

sion of the land after the death of Mrs. Gullick until subsequent to the issuance of a patent to Oscar Davis by the State on December 3, 1936, and his sale of the timber thereon to the appellant, E. L. Bruce Company, and the sale of the land thereafter by said patentee to Ed. Lyles. Nor were there any taxes paid by anyone until after appellees filed this suit on October 16, 1937, wherein they asked for a cancellation of the patent and of the conveyances as a cloud upon their title.

The application filed by Oscar Davis on December 3, 1936, with the state land commissioner to obtain the patent recited that "The present value of the land is not in excess of $80.00," whereas he sold the timber on the same to the appellant, E. L. Bruce Company, for $700 on December 22, 1936,—the date on which he placed his patent of record; and then traded the land to Lyles for 300 or 400 acres of other land by paying less than $300 additional in cash. In other words, a manifest fraud was perpetrated upon the State in procuring the patent, at from five per cent to ten per cent of the value of the land and timber thereby conveyed. State ex rel. McCullen, Land Com'r, et al. v. Adams, et al., 185 Miss. 606, 188 So. 551; Streater et al. v. State ex rel. Moore, Land Com'r, 180 Miss. 31, 177 So. 54.

It is true, as contended by the appellant, that only the State is entitled to have the patent cancelled on the sole ground of the fraud committed upon its land commissioner in the procurement thereof, but this principle does not preclude the former owners of the land from having the patent cancelled in their own right as a cloud upon their title on the separate ground that the tax sale to the State is void as having been made on a date not authorized by law. This right of the owner is expressly recognized by Chapter 196 of the Laws of 1934, and existed long prior thereto. Nor are such former owners prevented from proving the fraud and the notice thereof furnished in the application of the patentee, or from emphasizing the grossly inadequate price paid to the State, as dis-

closed in the recorded patent, in answer to a subsequent vendee's contention that he is an innocent purchaser for value without notice. However, in the case at bar, appellant could not successfully maintain that it occupies the position of such a purchaser, even in the absence of any notice, actual or constructive, of the fraud committed upon the State, since the tax sale itself, made on a date not authorized by law, disclosed that the State had acquired no title, and could not convey any by the patent issued to appellant's vendor. White v. Noblin, supra.

Finally, it is insisted that under Chapter 196 of the Laws of 1934, the appellees were precluded from bringing this suit except within two years after April 4, 1934, as therein provided. This question was settled, however, adversely to the contention of the appellant, in the cases of Russell Investment Corporation v. Russell, 182 Miss. 385, 386, 178 So. 815, 182 So. 102, and White v. Noblin, supra; since the possession of appellees, as it existed at the time of the tax sale was never invaded or disturbed in any manner, either by the State while it was asserting title under the tax sale, or by the patentee or his vendees, until the appellant began cutting the timber from the land after December 22, 1936; and hence, appellees were not required to commence an action until within two years thereafter. They were not required to actually occupy the land in the meantime by residing thereon in order to have it in their possession and under their control so as to prevent the running of the statute of limitation, it having been held in the case of Russell Investment Corporation v. Russell, supra, that the State is without the constitutional power to require one to commence an action to recover property owned by him while he is already in the possession and enjoyment of all the rights claimed by him in regard thereto. Until his possession is invaded or disturbed by the purchaser at the tax sale, or by a subsequent vendee of such purchaser, the statute of limitation prescribed by the statute for commencing an action does not begin to run.

The finding of the court below, fixing the value of the timber cut by the appellant at the price paid therefor, is not manifestly wrong under the other facts and circumstances testified to. While the appellees were not bound by the price paid by appellant, and would have been entitled to prove that it was worth more, they are not complaining of the amount of the decree rendered in their favor against the appellant, in the sum of $700, and we do not think that appellant can be heard to complain in the absence of proof that it was worth less than the price which it had recently paid for the same. The decree appealed from is therefore affirmed.

Affirmed.