## JACKSON *v*: WEBSTER.

(In Banc.   June 5, 1944.)

[18 So. (2d) 298.   No. 35644.]

M. W. Boyd and Welch & Cooper, all of Laurel, for appellant.

780

**J. R. Buchanan,** of Laurel, for appellee.

784

**Anderson, J.,** delivered the opinion of the court.

The facts in this case are that the appellee Webster owned forty acres of land which was delinquent for its 1935 taxes. By oversight or inadvertence it was not advertised to be sold on the third Monday of September, 1936, the time fixed for that purpose by statute, thereupon the board of supervisors before the regular sale day and on the 9th day of that month ordered it sold for its delinquent taxes on the third Monday in October. That was done, and the land was purchased by the state. After the time for redemption the land was patented by the state to appellant Jackson. Appellee filed the bill in this cause to cancel Jackson's title on the ground that the sale was void.

Delinquent tax lands are required to be sold on the "first Monday of April and the third Monday of September following, as the case may be" on three weeks' advertisement in a newspaper published in the county. Section 9921, 7 Miss. Code 1942. One of the questions involved and decided, the decision of which renders the decision of the other questions unnecessary, is whether if from inadvertence or oversight any delinquent tax land is left out of the advertisement the board of supervisors has the authority to make an order before the day of the regular sale providing for its advertisement and sale at another and subsequent day.

We hold that such an order could not be made under the governing statutes until after the regular September sale had taken place. Section 9926, 7 Miss. Code 1942, provides among other things that "if from any cause a sale of any land for taxes which is liable to such sale shall not be made at the time appointed by law for such sale, it may be sold thereafter, in the same or a subse-

quent year, at any time designated therefor by order of the board of supervisors.''

Section 9928, 7 Miss. Code 1942, provides among other things that ''if from inadvertence or oversight a sale of any land·for taxes which is liable to such sale shall not be made at the regular time appointed by law for such sale, it may be sold thereafter at any time designated therefor by order of the board of supervisors.''.

This identical question was decided against the validity of such sale in Smith v. Hendrix, 181 Miss. 229, 178 So. 819, and White v. Noblin, 183 Miss. 92, 183 So. 914. In both of those cases the court held that such an order for a special sale, as here involved, could not be made until after the regular day had passed. The delinquent taxpayer has the right to pay his taxes without the imposition of damages and penalties until after the regular sale day. Then if he is still delinquent the board is required to make a special order for its sale at a future day. The authority of the board of supervisors is limited strictly to that conferred by statute. Adams v. First Nat. Bank, 103 Miss. 744, 60 So. 770. Applying this principle, which was controlling in the Smith and White cases, supra, the order of the board of supervisors made September 9th providing for the sale of appellee's land was void and the sale was of course therefore void. The dissimilarity in some respects between the facts in the present case and those does not take this case from under the principles announced in those cases. The result is she was entitled to have it cancelled, as provided in the decree appealed from.

Affirmed.