## HOOPER *v.* WALKER *et al.*

(In Banc. Jan. 27, 1947. Suggestion of Error Overruled March 31, 1947.)

[29 So. (2d) 72. No. 36279.]

Wells, Wells, Newman & Thomas, of Jackson, for appellant.

**Roy J. Goss,** of Columbia, for appellant.

Howie, Howie & McGowan, of Jackson, and **J. R. Buchanan,** of Laurel, for appellees.

Martin & Farr, of Prentiss, for appellees.

Argued orally by **G. L. Martin**, for appellees.

**McGehee, J.**, delivered the opinion of the Court.

This suit is brought by the appellant, S. J. Hooper, as vendee of a patentee from the State, to confirm his title to 20 acres of land which was sold in Jefferson Davis County on October 11, 1937, to the State while owned by the appellee, Patsy Ann Walker, and assessed to her husband, Roscoe Walker, who were in the actual possession of the land both at the time of the tax sale and when this suit was brought on August 1, 1944. In fact Patsy Ann acquired the land on February 10, 1909, by warranty deed from her grandfather, the patentee of the United States Government, and she has since been continously

in the actual possession thereof, either in person or by tenant, up to the present time.

The suit is against the State under the provisions of Chapter 309, Laws 1940, and the said Patsy Ann Walker, and her husband, Roscoe Walker, and all other persons having or claiming any interest in the land. Only the Walkers filed answers, denying that the complainant was entitled to the relief sought. They also seek by a cross bill the cancellation of the tax sale, patent from the State, and the deed from the patentee to the original complainant S. J. Hooper as clouds upon their title. The prayer of the cross-bill was granted by the trial court upon the ground that the tax sale was void and that the former owner was not barred from obtaining relief against the same by the two-year statute of limitation prescribed by Chapter 196, Laws 1934, Section 717, Code 1942, in the absence of possession taken by the State, its patentee, or his vendee, claiming under the tax sale.

The tax sale was held to be void, and we think correctly so, on the ground that the regular time fixed by the Legislature for the sale of lands during the year 1937 was on the first Monday in April and the third Monday in September, respectively, except that under Section 3252, Code 1930, Section 9928, Code 1942, as amended by Chapter 150, Laws 1936, Section 9926, Code 1942, the legislature delegated to the Board of Supervisors the jurisdiction to fix a date subsequent to the third Monday in September for tax sales by providing that "if from any cause a sale of any land for taxes which is liable to such sale shall not be made at the time appointed by law for such sale, it may be sold thereafter, in the same or a subsequent year, at any time designated therefor by order of the board of supervisors."

It will be noted that each of these statutes delegates to the Board of Supervisors such power to fix a date for tax sales only in the event such sale "shall not be made at the time appointed by law." Therefore, in order for the Board of Supervisors to have jurisdiction to fix a date for

the sale of land for delinquent taxes, the date fixed by the Legislature for the sale of lands for delinquent taxes must have passed. The order of the Board of Supervisors for the sale on October 11, 1937, was adopted and entered upon the minutes of the Board on September 7th, 1937, and the advertisement of the lands for sale was commenced on September 16, 1937, prior to the third Monday of the said month. The authority of the sheriff to make the sale is predicated solely upon the said order of the Board of Supervisors which was entered before the Board acquired any jurisdiction to fix a date for such sale. The sale on October 11, 1937, was therefore made on the wrong date.

Section 28, Chapter 188, Laws 1934, Section 9923, Code 1942, providing how tax sales of land shall be made, declares, among other things, that "neither a failure to advertise, nor error in the advertisement, nor in conducting the sale, shall invalidate a sale at the proper time and place for taxes of any land on which the taxes were due and not paid, but a sale made at the wrong time or at the wrong place shall be void." This statute, together with Chapter 196, Laws 1934, the latter of which is invoked in this case by the appellant as holder of the tax title, originated in the same branch of the Legislature, and were both approved on the same date, April 4, 1934. In other words, both of these statutes were, and were intended to be, integral parts of the contract between the State and the landowner on the one hand, and between the State and the tax purchaser on the other, at the time the tax sale here in question was made.

Under the cases of Jackson v. Webster, 196 Miss. 778, 18 So. (2d) 298, and Merchants & Manufacturers Bank et al. v. State, 200 Miss. 291, 25 So. (2d) 585, 586, the tax sale on October 11, 1937, made pursuant to the order of the Board of Supervisors entered on September 7th, 1937, was void, and this is conceded to be true unless these cases are overruled.

It is contended that the decision in the case of Jackson v. Webster, supra, is unsound in holding that the tax sale in that case was void merely for the reason that the landowner, who may have undertaken to pay his taxes prior to the third Monday in September and after the commencement of the advertisement, was subjected to the payment of damages, fees and costs prior to the third Monday in September by the previous advertisement of his land for sale. It is true that he would have been subjected to such damages, fees and costs even though his land had been advertised to be sold on the third Monday in September. But, be that as it may, the decision in the case last above mentioned could have well been predicated upon the ground that the Board had no jurisdiction to fix a date of sale until the time fixed by the Legislature had expired. We, therefore, think that the case was correctly decided, without regard to whether or not the right reason was given for the conclusion reached. We are, therefore, unwilling to overrule the two cases above cited or the cases of Smith v. Hendrix, 181 Miss. 229, 178 So. 819, and White v. Noblin, 183 Miss. 92, 183 So. 914.

But it is urged by the appellant that even though the sale in the instant case is void, such invalidity is due to the noncompliance with a statutory requirement as to the time for sale—a requirement which could have been dispensed with by the Legislature in advance, since Section 79, Constitution of 1890, provides that "the Legislature shall provide by law for the sale of all delinquent tax lands . . . "—and that the failure to comply with the statutory requirements as to the time for sale is cured by the provisions of the said Chapter 196, Laws 1934, since the landowner did not bring a suit or action to cancel the title of the State, or its patentee or his vendee within two years after the period of redemption had expired.

While it is true that the State Constitution contains no provision which requires that land be sold for delin-

quent taxes at any particular time, and that Section 79 thereof has delegated to the Legislature the authority to provide by law for the sale of all delinquent tax lands, nevertheless, a serious question is presented as to whether or not a tax sale can be made at the wrong time or place without depriving the citizen of his property without due process of law in violation of Section 14 of the State Constitution. But we deem it unnecessary to discuss this question in the instant case in view of the conclusion that we have reached, and have heretofore repeatedly announced, as to the effect of Chapter 196, Laws 1934.

This Court expressly held in the cases of Russell Investment Corporation v. Russell, 182 Miss. 385, 178 So. 815, 182 So. 102, and Grant v. Montgomery, 193 Miss. 175, 5 So. (2d) 491, that the Act in question is purely a statute of limitation, and not a curative statute within the usual sense of that term.

The title of the said Chapter 196, Laws 1934, reads: ''An Act to limit the time within which actions may be brought to cancel the state's title to any land or to recover any land from the state which has been or may hereafter be sold or forfeited to the state for taxes on account of defect, irregularity or illegality in the assessment, levy or sale of such land for taxes, to except those under disability, to provide that the completion of the limitation shall defeat the rights of all persons in and to said land except that the state and its patentees, and for other purposes.''

Section 1 of the Act provides ''that the owner, mortgagee or other person interested in any land which had been heretofore or may be hereafter sold or forfeited to the state for delinquent taxes may bring a suit for action to cancel the title of the state, or its patentees, or to recover said land from the state, or its patentees, on account of any defect, irregularity or illegality in the assessment, levy or sale of such land for delinquent taxes, within two years after the date this act becomes effective as to lands heretofore sold or forfeited to the

state for delinquent taxes, and within two years after the period of redemption shall have expired, as to lands hereafter sold or forfeietd to the state for delinquent taxes, and not thereafter. . . ."

Section 3 of the Act provides that "the completion of the limitation herein prescribed to bar any action shall defeat and extinguish all the right, title and interest, including the right of possession in and to such land, of any and all persons whatsoever, except the state of Mississippi and its patentees, and it shall vest in the state, and its patentees, a fee simple title to such land."

The Act is now to be found as Section 717, Code 1942, in the chapter on "Limitations of Actions," and this Code chapter also contains a general statute, Section 743, Code 1942, Section 2313, Code 1930, which provides that "the completion of the period of limitation herein prescribed to bar any action, shall defeat and extinguish the right as well as the remedy; . . ." In other words, the provision of Section 3 of Chapter 196, Laws of 1934, to the effect that the completion of the limitation therein prescribed shall defeat and extinguish all of the right, title and interest of the former owner, including the right of possession, and shall vest a fee simple title in the State and its patentees, is in effect a provision common to many statutes of limiation. For instance, Section 711, Code 1942, clearly provides that ten years actual adverse possession by any person claiming to be the owner for that time of any land, etc., shall vest in such person "a full and complete title"; and this statute has the effect, on the completion of the running of the ten years of adverse possession, of divesting the holder of the legal title of all his right, title and interest therein, including the right of possession which he held as an incident to the legal title prior to the completion of the ten years, and of vesting the same in the person who has had adverse possession during the period prescribed. Three years of actual occupation by a tax title purchaser, under Sec-

tion 2288, Code 1930, Section 716, Code 1942, has the same effect.

Many statutes of limitation contain some curative features, but where they relate to suits in regard to the title of land it is necessary that the person invoking them shall have been in adverse possession for the period prescribed as against the true owner. This is the philosophy of such statutes. It was held in the case of Morgan v. Hazlehurst Lodge, 53 Miss. 665, that "it is futile to say that one must bring his action when there is no disseisor in possession against whom he could bring it. Statutes of limitation assume that the claimant has a right of action which he forbears to assert, and may lose if he does not sue in time; but how sue, when no one is in adverse possession to him?" The Court was there construing Section 2173, Code 1871, which prohibited the bringing of a suit to recover any property theretofore sold by any administrator, executor, or guardian, or thereafter sold by order of the Chancery Court, on the ground of the invalidity of such sale, unless brought within one year, if such sale shall have been made in good faith, and the purchase money paid, and the Court said that "it is impossible to suppose that the statute of 1871 intended to cut off the right of the heir to the land, unless there was someone in possession against whom he might bring the action." And the Court further stated: "If the land which has been sold be wild and unoccupied, and so continues for years after the sale, how can the heir sue, and who would he make defendant? The legal seisin is always esteemed to be in the true owner, unless he has been disseised and there is an actual adverse holding."

Later the Court held in Dingey v. Paxton, 60 Miss. 1038, 1054, that "the power of the Legislature to prescribe within what reasonable time one having a mere right of action shall proceed is unquestionable; but there is a wide distinction between that legislation, which requires one having a mere right to sue to pursue the right speed-

ily, and that which creates the necessity for suit by converting an estate in possession into a mere right of action and then limits the time in which the suit may be brought. . . . One who is in actual or constructive possession of his lands, and who has the right of possession and of property, needs no action to enforce his rights." In the case at bar Patsy Ann Walker held the legal title, the right of possession, and the actual possession of the land at all times during the two years limitation prescribed by Chapter 196, Laws 1934.

Although the two cases last above cited, as well as all of the cases heretofore decided by us in determining the application and effect of Chapter 196, Laws of 1934, dealt with sales made prior to the passage of the Act then under consideration, the language hereinbefore quoted from the two cases last above mentioned is universal in its application in so far as statutes of limitation are concerned, whether the sale, under which the person invoking the statute is claiming the title, was made before or subsequent to the passage of the Act involved.

It was expressly held in the case of Kennedy v. Sanders, 90 Miss. 524, 43 So. 913, that neither Section 1709, Code 1871 (which was directly involved in the cases of Nevin v. Bailey, 62 Miss. 433; Gibson v. Berry, 66 Miss. 515, 6 So. 325; Cole v. Coon, 70 Miss. 634, 12 So. 849; and referred to in Sigman v. Lundy, 66 Miss. 522, 6 So. 245), nor the ten-year statute, Section 2730, Code of 1892, nor Section 2731, Code 1892, in regard to suits to recover land at law or in equity, respectively, had any application except where the person invoking the same had been in adverse possession of the land against the true owner. In that case the sale through which the land was claimed was made subsequent to the time when each of the statutes above referred to were originally passed. And the Court there expressly overruled the case of Jones v. Rogers, 85 Miss. 802, 38 So. 742, wherein the Court had said [90 Miss. 524, 43 So. 915] "that adverse possession of defendant has nothing to do with the question, or with the op-

eration of this particular statute," meaning the statute of limitation involved therein, Section 2730, Code of 1892. The Court there further stated, in overruling the case of Jones v. Rogers, supra, that "This construction of the statute [that possession on the part of the person invoking the statute was unnecessary] would make it clearly unconstitutional, as depriving the citizen of his property without due process of law." The Court then quoted in the same connection and with approval the celebrated pronouncement hereinbefore quoted from Dingey v. Paxton, "for the purpose of showing indisputably that if this section 2731 [relating to suits to recover land in equity where the statute is silent as to the necessity of adverse possession] has no regard to any question of adverse possession, or to whether the defendant in a particular case has been in the adverse possession of the land, or not, it would be manifestly unconstitutional, and therefore void."

In the later case of Hamner v. Yazoo Delta Lumber Co., 100 Miss. 349, 56 So. 466, the Court overruled Kennedy v. Sanders, supra, and other similar cases only to the extent that they had held that not even a continuous adverse possession or actual occupancy for a period prescribed by a statute of limitation could perfect the title of a tax purchaser who claimed through a sale which was absolutely void. The Court recognized this in the more recent case of Newman v. J. J. White Lumber Co., 162 Miss. 581, 591, 139 So. 838, 840, when it quoted with approval from the opinion in Kennedy v. Sanders, the following statement of the rule in this State [162 Miss. 581, 139 So. 840]: "One who is in the actual or constructive possession of land, and who has the right of possession and of the property therein, needs no action to enforce his rights . . . It is vital that there shall be a defendant to be sued, and that that defendant shall be in possession of the land sued for, before the limitation set up in this Section [2731, Code 1892, and 2286, Code 1930] can be claimed."

That statute, supra, governing suits to recover land in equity, makes no mention of a requirement that the person invoking the same shall be in possession for the period prescribed, but the Court said in the case of Newman v. J. J. White Lumber Co., supra, that ''the statute applies to a suit in equity to recover land in possession of the defendant, and not to a suit in equity by a complainant in the possession and enjoyment of the land for the purpose of perfecting his title thereto.'' Then why is the same not true as to the application of Chapter 196, Laws of 1934?

In the case of Grant v. Montgomery, 193 Miss. 175, 5 So. (2d) 491, 496, the Newman case was cited, and the Court further said in regard thereto the following: ''Thus it will be seen that the Court read into the statute of limitation under consideration in the Newman case, supra, relating to suits in equity to 'recover' land, the words 'in the possession of the defendant'—a necessary element under our decisions to confer upon the Legislature the constitutional power to require the owner to commence an action to enforce his rights.'' And the Court then stated that: ''The same reason exists for implying these words in Chap. 196, Laws of 1934, 'to recover said land from the state, or its patentees, on account of any defect, irregularity or illegality in the assessment, levy or sale of such land for delinquent taxes,' since it is neither the tax sale nor the claim of title by the purchaser or its vendee under such a sale that places the statute of limitations in operation, but it is the invasion of the actual or constructive possession of the former owner under the tax sale that creates the duty on his part to commence an action within the period prescribed.''

Referring again now to the case of Hamner v. Yazoo Delta Lumber Co., supra [100 Miss. 349, 56 So. 493] the court emphasized the ''all-important, vital, and distinguishing difference being between where the purchaser of the tax title had taken actual possession of the land and where the owner of the original title remained in posses-

sion,'' and said: ''He who is in possession can never be injured by the flow of time, and he who is out of possession can never be benefitted by it.''

In that case the Court had already called attention to the fact that ''when the Legislature of 1876, which was composed of the best legal talent in this state . . . recognized the invalidity in part of this Section 1709 [of the Code of 1871, which was involved in the cases of Nevin v. Bailey, Gibson v. Berry, and Cole v. Coon, supra], and . . . enacted section 44 of the act of 1876 (Acts 1876, c. 104), which gave any purchaser at a tax sale, or to the state, or to the vendee of the state, the action of unlawful detainer against any person in possession of the land so purchased, with the proviso that said action of unlawful detainer must be brought within 12 months after the date of such sale, and provided, further, that 'twelve months after the final recovery of any judgment in any such action, such judgment shall be a bar to any action possessory or to test the title to such land brought by any person whatsoever, and shall be conclusive evidence of the right of possession and title in such person or state or their vendees,' thus in every respect complying with the 'due process' clause of the Constitution. Still again, in furtherance of the plan suggested, section 539 of the Code of 1880 [the three-year occupation under tax title statute] was adopted, and this section 539, was brought forward in the Code of 1892.''

In other words, the Court in the Hamner case was of the opinion that the said unlawful detainer statute and the three years' actual occupation statute, enabling a tax purchaser to perfect his title by possession, were adopted because of the doubtful constitutionality of such statutes as Section 1709, Code of 1871, which the Court is presumed to have known was construed in the case of Cole v. Coon, supra, citing Nevin v. Bailey, Gibson v. Berry, and Sigman v. Lundy, supra, to mean that time, in its silent flight, ''is always available, when claimed'' by the tax purchaser, without regard to whether he had been in posses-

sion or not, and also that the Court in the case of Nevin v. Bailey, supra, had expressed doubt as to whether the statute then under consideration was one of limitation or a curative act, and had said in effect that in either event it precluded any inquiry into the validity of a tax sale made after its passage and more than three years before the institution of the suit, where the defect was a failure to comply with some statutory requirement.

Following the decision in Nevin v. Bailey, supra, the Court finally said of Section 1709, Code 1871, in the case of Cole v. Coon, supra, that "it is not a mere statute of limitations to be pleaded to be made available, but heals unasked." But, as hereinbefore stated, we have expressly declared in the cases of Russell Investment Corporation v. Russell, and Grant v. Montgomery, supra, that Chapter 196, Laws of 1934, is purely a statute of limitation. It was so applied·in the cases of White v. Noblin, 183 Miss. 92, 183 So. 914; Bruce Co. v. Smallwood, 188 Miss. 771, 196 So. 227; and Leavenworth v. Claughton, 197 Miss. 606, 19 So. (2d) 815, 819 and 20 So. (2d) 821. We are, therefore, of the opinion that the cases construing Section 1709, Code 1871, are not applicable to the issue involved in the instant case, even if they could be invoked to sustain the constitutionality of a curative statute which would require the true owner of land to commence an action to set aside an invalid tax sale before his possession has been invaded, contrary to the general principles announced in that behalf in the cases of Dingey v. Paxton, Kennedy v. Sanders, Hammer v. Yazoo Delta Lumber Co., Newman v. J. J. White Lumber Co., and the more recent cases of Russell Investment Corporation v. Russell, Grant v. Montgomery, supra; Taylor v. Twiner, 193 Miss. 410, 9 So. (2d) 644; and Leavenworth v. Claughton, 197 Miss. 606, 19 So. (2d) 815, 20 So. (2d) 821.

It is true that in the response to the suggestion of error in the case of Leavenworth v Claughton, supra, reported in 20 So. (2d) 821, it was said that "the courts recognize there is a vital and fundamental difference between spe-

cial acts purporting to operate retroactively upon events which have already occurred and rights which have already vested, and those which operate prospectively upon happenings yet to occur.'' However, what was said in the original opinion in that case was not withdrawn, nor was it held on suggestion of error that the true owner of land which had been sold for taxes at a void sale, even though made after the passage of the Act in question, could be required to commence a suit to cancel such sale before his possession has been invaded by the tax purchaser, or by someone claiming through such purchaser. The Judge writing the opinion on the suggestion of error in that case, and when using the language above quoted, was responding to the argument as to the alleged application of the cases of Nevin v. Bailey, Sigman v. Lundy, and Cole v. Coon, supra, in which the Court had upheld and given effect to curative acts in their prospective operation. Those cases, together with Cochran v. Baker, 60 Miss. 282, had in fact recognized a difference between the effect of retroactive and prospective statutes, as pointed out in that opinion, but it went further to say of Section 3 of Chapter 196, Laws 1934, that: ''It would seem clear that Section 3, standing alone, is unconstitutional. It is an effort at forced conveyance by legislative fiat. That is not due process of law. Section 14, Constitution of 1890.'' The opinion also recognizes the necessity for adverse possession by the tax title purchaser and holds that ''it is that character and type of possession required under Section 711, Code 1942, the ten years' adverse possession statute, . . .''

In that case we were dealing with a tax sale made prior to the passage of Chapter 196, Laws of 1934, but in so far as statutes of limitation are concerned, we see no good reason for saying that as to a tax sale made prior to the enactment of a statute, the former owner can not be required to commence a suit to set aside the sale where he holds the legal title, the right of possession and the actual possession of his land, and then saying that as to a sale

made after the passage of the Act he can be required to commence a suit prior to the time his possession is invaded. At any rate, we held in Grant v. Montgomery, supra, that "the State is without the constitutional power to require one to commence an action to recover property owned by him while he is already in the possession and enjoyment of all the rights claimed by him in regard thereto." And this is also true of an action to cancel a tax sale to the State or the claim of its patentees where the possession of the true owner has not been disturbed, as well as of a suit to "recover property."

Moreover, there is no provision in the statute in question for bringing a suit against the State where it holds the land throughout the period prescribed for bringing an action without issuing a patent therefor, and that is doubtless the situation as to much of the land sold to the State in recent years.

The net result of our decisions when construing the Act here under consideration is that it is now nothing more nor less than a two-year adverse possession statute of limitation, to be applied as a substitute for Section 711, Code 1942, the ten-year adverse statute, when the person invoking it is claiming through a patent from the State based upon a tax sale to it. No one has ever doubted what the Legislature intended to do by this Act, but the Court has addressed itself to the question of the constitutional power of the Legislature to require the real owner of land to commence an action against anyone claiming through an invalid tax sale to the State so long as such real owner remains in possession.

Since Patsy Ann Walker did not lose her title by the tax sale, and has not lost it by adverse possession, then how can she be now dispossessed of her land without violating due process of law?

The decree of the trial court must be affirmed.

Affirmed.