196 So. 878

### GULF STATES STEEL CO. Y. M. C. A. MUT. BENEFIT ALLIANCE v. ALMAROAD.

7 Div. 586.

Supreme Court of Alabama.

May 9, 1940.

Rehearing Denied June 27, 1940.

BOULDIN, Justice.

This suit was to recover the death benefit alleged to be due appellee as beneficiary in a policy or certificate held by her husband as a member of Gulf States Steel Company Y. M. C. A. Mutual Benefit Alliance. This Alliance is a local unincorporated association composed of members of the Y. M. C. A. organized and maintained by and for the employees of the Steel Company. The Benefit Fund of the Alliance consists of a membership fee of $1 paid on becoming a member of the Alliance, and a further contribution of $1 each upon the death of a member. The Fund in the treasury of the Alliance to the credit of the Benefit Fund becomes the amount payable upon the death of a member.

Membership in the Y. M. C. A. is maintained by payment of monthly dues of fifty cents.

Count 2, on which the case went to the jury, alleged the deceased was at the time of his death a member in good standing, all of his dues having been duly paid, that the sum of $1,123, the Benefit Fund then in the treasury, became due and payable to plaintiff, as beneficiary "upon due proof of death of said LeRoy Almaroad;" that defendant "had due notice of the death of said LeRoy Almaroad before bringing this suit and refused to pay," etc.

Demurrer to this count raised the point that it merely alleges due notice of death, and does not aver "due proof of death," the condition on which the count alleges the demand became payable.

■■ Statutory forms of complaint, and analogous forms where they do not apply, need only aver notice. If lack of such proof as the policy requires is relied upon, this is defensive. Having averred the demand was payable on due proof, etc., exact pleading should have disclosed compliance with such requirement. But overruling the demurrer was not error to reverse.

Without dispute, the General Secretary of the Y. M. C. A., the proper official in this connection, called up the undertaker and satisfied himself fully of the death of the member. Refusal to pay was put on wholly different grounds. The ruling on demurrer, if error, was harmless.

The questions of moment on this appeal arise on refusal of the affirmative charge to defendant, and denial of the motion for new trial, on the ground that the verdict was not supported by the evidence.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellant.

McCord & Miller and E. O. McCord, all of Gadsden, for appellee.

The constitution of the Mutual Benefit Alliance provided: "When a member of said Alliance fails to pay said dollar, (the dollar contributed on the death of a member) as herein provided, or when he ceases to be in the employ of the Gulf States Steel Company, or allows his membership in said Y. M. C. A. to lapse, he shall at the same time, cease to be a member of said Mutual Benefit Fund Alliance, and ceases to be entitled to the benefits herein provided for members of said Alliance."

Appellant insists the evidence without conflict discloses this member had ceased to be an employee of the Steel Company at the time of his death within the meaning of above provision. Without conflict the evidence shows that this member, a carpenter, was "laid off" by the Steel Company at the close of the work day December 1, 1937. He died after a few days' sickness on the 26th of the same month.

On December 1st he was paid his wages for the latter half of November, after deducting dues to the Y. M. C. A. and Mutual Benefit Alliance to December 1, 1937. These were withheld by mutual arrangement and paid over to the treasurer of the Y. M. C. A. and Benefit Fund. On December 1st, he was also paid his wages in full for the one day's work in December.

In the employment service of the Steel Company, it appears, the entry on the records "laid off," meant his record was clear, was eligible for re-employment, and some evidence indicates a preference in re-employment, when needed. When lack of work in his line caused a reduction in employment, "laid off" was the notation as to satisfactory employees.

Did these facts automatically end this employee's membership in the Mutual Benefit Alliance, or, under all the circumstances, did he remain in good standing as a member of the Y. M. C. A. and the Alliance through the month of December, his death having intervened during that month?

The course of business and the system of records employed as evidence of the members standing are gone into with much detail.

Summarizing, as best we can, the General Secretary of the Y. M. C. A. was also secretary of the Benefit Alliance. The records of membership of the Y. M. C. A. and of the Alliance were kept by him at the Y. M. C. A. Building.

On the death of this member, his wife and beneficiary, presented the card showing his membership in the Alliance to Mr. W. S. Combs, the General Secretary of many years standing. He examined the records, a card system in his office, satisfied himself of the death of the member, and advised the wife that her husband was in good standing as a member of the Alliance and a check would be issued to her the following morning. It was not sent because the treasurer held the membership had ceased before death.

Mr. Brown, the treasurer of the Y. M .C. A. and of the Alliance Fund, had his office at the steel plant. He was also assistant timekeeper and assistant paymaster of the Steel Company. It appears the Steel Company meets its pay roll semimonthly. But the dues to the Y. M. C. A. and to the Alliance accrued at the end of each month.

The General Secretary of the Y. M. C. A. was charged with the duty of making up a monthly roll of members of the Y. M. C. A. and of the Benefit Alliance and the dues payable by each member out of his wages at the end of the month. Thereupon, Mr. Brown, caused these dues to be retained, and paid over to him as treasurer of the Y. M. C. A. and Alliance Funds.

If any member had ceased to be an employee of the Steel Company, had no funds from which to retain the dues, a list of these was made out and returned to the Secretary of the Y. M. C. A. during the following week.

So, in the week of December 1st, a list was made up and sent showing those who had ceased to be in the employ of the Steel Company. This member was not on that list. As before indicated he had paid all dues which had accrued to December 1st, and would not be in default until the end of that month. He died meantime.

On this record, the Secretary of the Y. M. C. A. put his name on the roll of members sent in about December 15, showing dues to become due at the end of December. About January 6, the first report came to the Y. M. C. A. Secretary showing this member "gone," and no funds to pay dues for December.

■ Prior to this, on December 27, knowledge of his death was known to all concerned. Thereafter, an entry was made on the membership card at the Y. M. C. A. saying: "Deceased. Dec. 26, 1937 Paid off by Company Dec. 1, 1937 Not eligible."

There was no error in excluding this entry on objection of plaintiff. Being made after the death of the member and after this controversy arose, it was a self-serving declaration.

Nor was there error in sustaining objections to questions to Mr. Combs, secretary, asking if he at the time of his interview with plaintiff, had knowledge that the member had not paid his dues for December. The questions assume facts which the entire testimony disproves. At the time of the interview in question, no such dues had become due.

Not detailing all the circumstances in evidence, our conclusion is that the jury were warranted in finding that the records of the Alliance should control. Quite clearly this member was in good standing as a member of the Y. M. C. A. with the privileges incident to such membership to the date of his death. The set-up of records justifies the view that a member "laid off" at the steel plant, during the month of his death, having paid all dues to that date, continued in good standing as a member of the Alliance during the current month.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.