LEE v. SMITH.

(In Banc. Oct. 28, 1940.)

[198 So. 296. No. 34247.]

**Hall & Hall** and **Bernard Callender**, all of Columbia, for appellant.

Parker & Morse, of Poplarville, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

Chapter 196, Laws 1934, approved April 4, 1934, Sections 1 and 3 of which the reporter will set out,[1] limits the right of the owner of land sold to the State for delin-

---

[1]"Section 1. Be it enacted by the Legislature of the State of Mississippi, That the owner, mortgagee or other person interested in any land which has been heretofore or may be hereafter sold or forfeited to the state for delinquent taxes may bring a suit or action to cancel the title of the state or its patentees, or to recover said land from the state, or its patentees, on account of any defect, irregularity or illegality in the assessment, levy or sale of such land for delinquent taxes, within two years after the date this act becomes effective as to lands heretofore sold or forfeited to the state for delinquent taxes, and within two years after the period of redemption shall have expired, as to lands hereafter sold or forfeited to the state for delinquent taxes, and not thereafter. Provided, however, the lmitations herein fixed shall not apply when the taxes on such land had been paid prior to the time it was sold for taxes, and provided, further, that the provisions of this act shall not apply to lands sold to the state prior to January 1, 1928."

"Sec. 3. The completon of the lmitation herein prescribed to bar any action shall defeat and extinguish all the right, title and interest, including the right of possession in and to such land, of any and all persons whatsoever, except the state of Mississippi and its patentees, and it shall vest in the state, and its patentees, a fee simple title to such lands."

quent taxes thereon prior to the enactment of the statute, to two years from the day of the sale, and at the expiration of the two years extinguishes "all the right, title and interest, including the right of possession in and to such land, of any and all persons whatsoever, except the state of Mississippi and its patentees" and vests "in the state, and its patentees, a fee simple title to such lands."

In Russell Inv. Corp. v. Russell, 182 Miss. 385, 178 So. 815, 182 So. 102, this Court pursuant to a well-recognized rule of constitutional law that a statute "may be constitutional and in operation with respect to some persons and states of facts and unconstitutional as to others" (11 Am. Jur. Const. Law, Secs. 163, 164), held that the statute was constitutionally operative and enforceable as to an owner of land who was not in possession thereof, but following Dingey v. Paxton, 60 Miss. 1038, was constitutionally inoperative and unenforceable against an owner of the land who was in possession thereof. This case presents a state of facts which the Court in the Russell case said was not then before it and on which it expressed no opinion, and to which the appellee says that the statute is also constitutionally inoperative and unenforceable.

The bill of complaint, filed by the appellant on March 27, 1940, alleges, in substance, that the taxes not having been paid on the land described in the bill for the year 1932, it was offered for sale therefor by the sheriff and tax collector on September 18, 1933, and there being no bid therefor was struck off by him to the State. A certified list of land struck off to the State at the sale, including the land here in question, was filed in due time by the tax collector with the chancery clerk of the county. Three years thereafter the land not having been redeemed from the tax sale, it was certified by the chancery clerk to the State Land Commissioner, by whom and the Governor of the State it was sold to Oscar Lee from whom the appellant purchased it. The land was not occupied by

anyone when the tax sale was made, and is not now. The appellee claims the land under a conveyance to him thereof by the corporation which owned it at the time of its sale to the State for taxes.

The prayer of the bill is for the confirmation of the appellant's title to the land, and for the cancellation of the appellee's claim thereto. A demurrer to the bill was sustained, and the bill was dismissed.

It appears from an exhibit to the bill of complaint that the sheriff and tax collector failed to comply with the provisions of Section 3249, Code 1930, Sec. 9, Chapter 383, Laws Extr. Sess. of 1932, as to the method to be pursued when selling land for taxes thereon. The appellant admits that the sale was void, but says that since the land was sold for taxes more than two years before her bill of complaint was filed, the defect in the sale thereof has been cured by Chapter 196, Laws of 1934.

The appellee says that the statute cannot have such effect here for the reason that under Section 11, Chapter 383, Laws of Extr. Sess. 1932, the owner of the land at the time it was sold for taxes had three years from its sale—from September 18, 1933 to September 18, 1936— in which to redeem the land, and to apply Chapter 196, Laws 1934 here would result in limiting his right to redeem the land to two years from the sale thereof, thereby cutting off five months and fourteen days from the three years in which the owner of the land had at the time it was sold to redeem it under Chapter 383, Laws Extr. Sess. 1932, and that so to do is beyond the constitutional power of the Legislature.

Section 1 of Chapter 196, Laws of 1934, approved April 4, 1934, in no way affects the right of redemption as to land sold prior to its enactment, as was the land here. It simply limits the time within which an action can be brought by an owner of land sold to the state for taxes "to cancel the title of the state, or its patentees, or to recover said land from the state, or its patentees on account of any defect, irregularity or illegality in the as-

sessment, levy or sale of such land for delinquent taxes'' to two years after the statute became effective on April 4, 1934.

An owner of land sold for taxes, which sale is void, may, if he so desires, redeem it from the sale, bring an action to cancel the sale, or await action by the purchaser at the sale or his vendees and then invoke the invalidity of the sale in bar of any title therefrom. Section one of the statute limits only the time in which the owner of land sold to the state for taxes can plead any defect in the sale referred to in the statute against the state or its patentees. When the owner of land sold for taxes redeems it therefrom, the chancery clerk, through whom the redemption must be made, is required to execute to him ''a release of all claim or title of the state or purchaser to such land'' (Section 3264, Code 1930, Sec. 11, Chap. 383, Laws Extr. Sess. of 1932), by virtue of which the tax sale from which the land was redeemed is without further efficacy and the owner's title and right to possession do not rest on defects in the assessment or sale of the land so that the necessity for an action to cancel the title of the purchaser at the sale no longer exists.

Section 3 of Chapter 196, Laws 1934, however, is more than a mere statute limiting the time within which to bring an action to cancel the title of the state to land sold to it for taxes (cf. Russell Investment Corp. v. Russell, supra); for, on the expiration of the time limit in Section 1 of the chapter, it ''extinguish[es] all the right . . . in and to such land, of any and all persons whatsoever,'' etc. One right the owner of the land here had at the time it was sold for taxes thereon, was to redeem it at any time within three years thereafter, which right the statute would extinguish, if valid for that purpose, at the expiration of two years from the day of the sale of the land to the state, thereby cutting off five months and fourteen days from the time in which the owner thereof could redeem it; but so to do is beyond the constitutional power of the Legislature (Moody v. Hoskins, 64 Miss.

468, 1 So. 622; Price v. Harley, 142 Miss. 584, 107 So. 673; Everett v. Williamson, 163 Miss. 848, 143 So. 690; Reid v. Fed. Land Bank, 166 Miss. 392, 148 So. 392); consequently, Section 3 of the statute cannot be given that effect, and is inoperative here to that extent, so that the right of the owner of this land to redeem it from the tax sale was unaffected thereby, and the title thereto, which the statute vested in the state and its patentees, was held subject to the right of any person interested in the land to redeem it from the tax sale. Had it been redeemed therefrom, the title of the state and its patentees thereto would have been extinguished, but not having been redeemed that title remains, insofar as this record discloses, in full force and effect.

The constitutional defect in Section 3 of Chapter 196, Laws 1934, as applied to the facts of this case, does not render it wholly void, or to express it more aptly, wholly inapplicable here; but simply requires that its operation be so restricted as to preserve the right of redemption that existed when the land was sold for taxes.

The appellee says that it would have been useless for the owner of the land to have attempted to redeem it, for the chancery clerk would have obeyed Chapter 196, Laws 1934, and refused to permit its redemption. This may or may not be true, but the question of what the rights of the appellee would be, had the owner of the land or one interested therein sought to redeem it within the three years allowed therefor and been refused permission so to do, is not presented by this record, there being no allegation to that effect in the bill of complaint.

The decree of the court below will be reversed, the demurrer will be overruled, and the case remanded, and the appellee given thirty days after the filing of the mandate in the court below to answer the bill of complaint.

So ordered.