GRANT *v.* MONTGOMERY *et al.*

(In Banc. Jan. 12, 1942. Suggestion of Error Overruled Jan. 26, 1942.)

[5 So. (2d) 491. No. 34783.]

**J. R. Buchanan,** of Laurel, for appellant.

182

Greek L. Rice, Attorney General, by Jefferson Davis, Assistant Attorney General, and Jeff Collins, of Laurel, for appellees.

Argued orally by **J. R. Buchanan,** for appellant, and by **Jefferson Davis,** for appellees.

**McGehee, J.,** delivered the opinion of the court.

On September 19, 1932, one McDonald owned and occupied a certain suburban lot in or adjacent to the City of Laurel, in Jones County, Mississippi, at which time the same was sold to the state for the unpaid taxes due thereon for the year 1931. Shortly after the sale, the building on said lot, which was occupied by the owner as a scenic studio, was destroyed by fire. A few months later, he moved to another state where he continued to pursue his vocation, and the lot was again sold to the

state in 1933 for the unpaid taxes due thereon for the year 1932. Both of these sales are admitted to be absolutely void for want of authority and power to sell on the part of the tax collector during either of said years, because of the invalidity of the assessments under which the sales were made, due to the lack of legal process and notice to the taxpayer prior to the equalization and approval of the assessment rolls; but the appellee, J. A. Montgomery, who, on March 11, 1939, obtained a forfeited state land patent for the tract of land through the office of the appellee, Guy McCullen, Land Commissioner of the State of Mississippi, relies upon the two-year statute of limitation provided for in Chap. 196, Laws of 1934, in bar of this suit brought by the appellant, B. R. Grant, on January 8, 1940, who has deraigned a good record title from the Government down and seeks to cancel the said tax sales and patent as clouds upon the title acquired by him under a quitclaim deed in his favor from the said McDonald bearing date of November 1, 1938.

The proof disclosed, and the chancellor so found, that neither McDonald, nor any tenant or vendee under him, was ever in the occupancy of the land at any time between the date of the destruction of the house by fire in the fall of 1932 and the time of the filing of this suit; also that neither the state nor its patentee had entered into the possession of said land, claiming it through either of the said tax sales or under the patent, but that the same had been a vacant lot, not in the occupancy of any person whatsoever, during the period of time hereinbefore stated. The proof did disclose, however, that the appellee Montgomery had cultivated the lot to some extent between the years 1935 and 1939 but without any claim of right to do so under authority from the state or under any claim of title derived through either of the said tax sales, but in recognition of the title of whomsoever should prove to be the owner thereof.

Thus it will be seen that we have before us a case wherein the constructive possession, in the absence of an actual

occupancy or possession, remained in the true owner who continued to hold the legal title after these unsuccessful attempts to divest him of the same without due process of law.

In order to uphold the constitutionality of Ch. 196 of 1934, which question was presented for the first time on suggestion of error in the case of Russell Investment Corporation v. Russell, 182 Miss. 385, 178 So. 815, 182 So. 102, 107, the court said that it would "adopt a construction that will bring it into harmony with the constitution by restricting its application to the legitimate field of legislation, whenever necessary in order to uphold its constitutionality and carry its provisions into effect." In keeping with this declared purpose, it was further said in that case: "And in order that there be no doubt as to what we here hold, let it be understood that whenever it is sufficiently shown in any case that the former owner of land sold to the state for taxes has remained in possession thereof after the sale, either in person or by tenant, then and in such event Chapter 196, Laws of 1934, shall have no application, and that the claim of title and possession of such former owner can be defeated only by proof of a valid assessment, levy and sale of the land for taxes both under the statutes as well as the Constitution, coupled with a failure to redeem from such sale within the time allowed by law." The writer of that opinion had in mind, or at least was under the impression, from a personal acquaintance with the former owner Russell, that he had remained in actual possession of the lands in question, either in person or by tenant, and the above language was employed in dealing with the particular situation which was thought to be presented by the facts of that case. The case was before us on demurrer to settle the controlling principles involved, and it was therefore remanded in order that the former owner might amend his bill of complaint so as to allege the continued possession after the tax sale, if he

should so desire, and thereby save his property from being unlawfully acquired by an investment company which was then purchasing land from the state through "go-betweens" because of the limitation against more than 160 acres being acquired by one patentee during a single year.

That case was construed by the court below in the case at bar to limit the right of former owners to defeat the application of the statute of limitations prescribed by the said Ch. 196, Laws of 1934, to only such cases where they had remained in the actual possession of the land, either in person or by tenant, after the tax sale. However, in the later case of E. L. Bruce Company v. Smallwood, 188 Miss. 771, 196 So. 227, 229, where one hundred and sixty acres of land were involved on which the dwelling had been destroyed by fire, and of which only about ten acres were cultivated subsequent to the tax sale, and none of which was occupied, and where the tax sale was made for the taxes due thereon for the year 1932, the E. L. Bruce Company pleaded the alleged bar of Ch. 196, Laws of 1934, against the right of the former owners to cancel the void tax sale and the claim of said company as vendee of a patentee from the state, and the court held that the statute was not applicable "since the possession of the appellees [the former owners], as it existed at the time of the tax sale, was never invaded or disturbed in any manner, either by the State while it was asserting title under the tax sale, or by the patentee or his vendees, until the appellant [E. L. Bruce Company] began cutting the timber from the land after December 22, 1936; and hence, appellees were not required to commence an action until within two years thereafter. They were not required to actually occupy the land in the meantime by residing thereon in order to have it in their possession and under their control so as to prevent the running of the statute of limitations, it having been held in the case of Russell Investment

Corporation v. Russell, supra, that the State is without the constitutional power to require one to commence an action to recover property owned by him while he is already in the possession and enjoyment of all the rights claimed by him in regard thereto. Until his possession is invaded or disturbed by the purchaser at the tax sale, or by a subsequent vendee of such purchaser, the statute of limitation prescribed by the statute for commencing an action does not begin to run.'' From which holding, it follows that at the first opportunity afforded after the decision of the case of Russell Investment Corporation v. Russell, supra, the court further limited the application of this statute of limitation so as to render it inapplicable either to case where the former owner has remained in actual possession, either by himself or tenant, after the sale, or to a case where, if he does not remain in actual possession, there has been no adverse occupancy or possession by the purchaser at the tax sale, its patentee or his vendee for the period of limitation prescribed. In doing so, the court was not departing from what was said on this point in the former case, but was merely applying the rule to a different state of facts as and when they arose in the later case. These decisions, in our judgment, are in keeping with what was said in the case of Dingey v. Paxton, 60 Miss. 1038; and Hamner v. Yazoo-Delta Lumber Company, 100 Miss. 349, 56 So. 466. And, this fact will clearly appear if the philosophy of those decisions is kept in mind in the light of the questions then before the court, and if the distinction between curative statutes and statutes of limitation is observed.

In the case of Dingey v. Paxton, supra, the court, in discussing the statute there involved, and which had been enacted to create a bar against the right of a former owner to challenge the validity of a tax sale, said that: ''the evident purpose was to secure the title claimed by the State against all attacks by the owner upon any ground, after the expiration of the time limited. The

act has a two fold operation; first, it prescribes a short period of limitation, after which no suit shall be brought by the owner for the recovery of the property; secondly, it gives to the conveyances under the tax-sales a conclusive effect as evidence, thereby cutting off all inquiry into the existence of irregularities or defects, and thus operates as a curative law." The court then proceeded to recognize the right of the legislature to prescribe within what time one having the mere right of action may proceed, but then denied its power to create the necessity for suit by converting an estate in possession into a mere right of action, and to then limit the time in which the suit could be brought; and declared that the attempt to do the latter was in excess of legislative power and violative of those fundamental rights of property guaranteed by the constitutional provision to the effect that "no person shall be deprived of life, liberty, or property except by due process of law." Const. 1890, sec. 14.

In order not to be understood as failing to adhere to the long-established and salutary rule as announced in that case, and quoted from with approval in Kennedy v. Sanders, 90 Miss. 524, 43 So. 913, and which was not departed from in Hamner v. Yazoo-Delta Lumber Company, supra, overruling in part Kennedy v. Sanders, we also said in the case of Russell Investment Corporation v. Russell, supra, that: "In support of the correctness of the conclusion reached in Dingey v. Paxton, supra, it may be observed that the rule is universal to the effect that, to the extent that the statute there under consideration was dealt with as a curative law, it could not cure retroactively a failure to observe the constitutional requirements as to the assessment, levy and sale of the land for taxes. Dealing with the statute as one of limitation, the decision was also correct in holding that the legislature is without power to compel a resort to legal proceedings by one who is already in the possession and

complete enjoyment of all he claims. 2 Cooley's Constitutional Limitations (8 Ed.), 763, 764. It is equally well settled that the Legislature is vested with authority to cure by a retroactive statute the failure to observe any requirement that it may have dispensed with in advance, such as those which are merely statutory. In other words, the rule is that, in the absence of constitutional limitations, if the thing wanting, or which failed to be done and which constitutes the defect, irregularity or illegality in the proceeding, is something the necessity for which the legislature might have dispensed by prior statute, the legislature has power to dispense with by subsequent statute. [Citing numerous authorities.]'' We then proceeded to say in that case that ''Chapter 196, Laws of 1934, does not undertake to cure or validate defects, irregularities and illegalities in the assessment, levy and sale of land for taxes. It is purely a statute of limitation, and does not take away any vested rights but fixes a reasonable period of time in which they may be asserted. It leaves the former owner the right to sue and have the sale declared void because of such defects, irregularities and illegalities.'' In other words, we held that this statute was free of the vice contained in the act under consideration in the case of Dingey v. Paxton, supra, wherein that act was to operate as a curative law, instead of merely as a statute of limitations, and concerning which Judge Cooper, speaking for the court, said: ''Its operation is first to divest from the owner the constructive possession of his property and to invest it in another, and in favor of the possession thus transferred to put in operation a statute of limitations for its ultimate and complete protection. . . . One who is in the actual or constructive possession of his lands, and who has the right of possession and of property, needs no action to enforce his rights.'' And, note that the court said that one who is in the actual or constructive possession of his lands, ''needs no action to enforce his rights.''

In the case of Hamner v. Yazoo-Delta Lbr. Company, supra [100 Miss. 349, 56 So. 489], the defendants set up and claimed, in defense of the suit brought by the lumber company to cancel their claims as clouds upon its alleged tax title to land, the benefit of Section 539, Code of 1880 (Section 2735 of the Code of 1892), which provided that "actual occupation for three years, after two years from the day of sale of land held under a conveyance by a tax-collector in pursuance of a sale for taxes, shall bar any suit to recover such land or assail such title because of any defect in the sale of the land for taxes, or in any precedent step to the sale . . ." The court construed the statute as being one of limitation, and that as such it could be applied in bar of the right to challenge the validity of a tax sale which was made under an act which had been declared unconstitutional and void, provided such tax sale was followed by actual occupation by the purchaser or vendees for the period prescribed, holding that it was neither the purchase at the tax sale nor the flow of time thereafter that conferred ownership, but the occupancy of the land under a claim through such tax sale that confers the title and ownership, saying that "the essential, vital instrumentality, which gives [to the purchaser at the tax sale or his vendee] the perfect, unassailable title, being not a sale for taxes, but possession under the deed;" and the court expressly held that the purpose and intent of the statute there under consideration "is to confer ownership by reason of the occupancy of the land—a perfectly constitutional plan or method." It was accordingly held that a former owner of land could show, before actual occupation by the purchaser at the tax sale for the statutory period, all matters affecting the validity of the sale, whether due to "a void assessment or any other constitutional defect," but could not do so thereafter. Why? Because the statute was one of limitation—preserving all rights of the former owner and allowing him a reasonable time

to assert them; it was not a curative statute, or one that sought to convert an estate in possession of such former owner into a mere right of action, and limiting the time for its enforcement. Speaking of the relative rights of the former owner and the purchaser, or his vendee, under a void tax sale, whether merely defective for failure to observe statutory requirements or absolutely void because of constitutional objections to the validity of the assessment, levy and sale of the land, the court said: "He who is in possession can never be injured by the flow of time, and he who is out of possession can never be benefited by it."

In holding that said Sec. 539, Code of 1880, supra, applied as a bar to the right of a former owner to challenge the validity of a tax sale, without regard to whether his objections were based on statutory or constitutional grounds, the decision of the court in the Hamner case was sustained in principle by the cases of Morgan v. Hazlehurst Lodge, 53 Miss. 665; Hall v. Wells, 54 Miss. 289; Jeffries v. Dowdle, 61 Miss. 504; Bradley v. Villere, 66 Miss. 399, 6 So. 208, which had construed Sec. 2173, Code of 1871, Sec. 2693, Code of 1880 (Sec. 2760, Code of 1892, Sec. 3122, Code of 1906, and Sec. 2315, Code of 1930), providing that "An action shall not be brought to recover any property hereafter sold by order of a chancery court [probate court under the first of said statutes], where the sale is in good faith and the purchase-money paid, unless brought within two years after possession taken by the purchaser under such sale of the property," and wherein it was held that such statute applied as well to sales made in disregard of the Constitution as to those in violation of statutes. Those decisions, as applied to sales which were void on constitutional grounds, were departed from in the cases of Kennedy v. Sanders, 90 Miss. 524, 43 So. 913, 914; Eastland et al. v. Yazoo-Delta Lbr. Company, 90 Miss. 330, 43 So. 956; and McLemore v. Anderson 92 Miss. 42, 43

So. 878, 47 So. 801, but the principle was reaffirmed in the case of Hamner v. Yazoo-Delta Lbr. Company, supra, wherein the three cases last above mentioned as a group were overruled insofar as they were in conflict with the opinion in the later case.

In the case of Kennedy v. Sanders, supra [90 Miss. 524, 43 So. 915], wherein there had been no adverse occupancy on the part of the defendants under the tax sale, the court said that: "Here are the true and original owners of this land, which it is admitted in the pleadings on both sides is wild and uncultivated, and of which there is not a particle of proof that the appellants ever had actual adverse possession; and yet, if the plea set up here could be maintained, . . . these true owners, with a perfect paper title, which gave them the constructive possession of the land, are to lose their land, by the mere flight of ten years' time, in favor of a tax purchaser at a sale absolutely void for the want of any power to sell it, simply because such tax purchaser, never in adverse possession, and holding a deed void for want of power to sell at all, has not been proceeded against by such true owner. This cannot be the law. This construction of the statute would make it clearly unconstitutional, as depriving the citizen of his property without due process of law." The case seems to have been correctly decided on its facts, but the point on which the court later held the decision to be erroneous was that emphasis had been placed on the fact that the tax sale was absolutely void because of the absence of any power whatever to sell the land for taxes, as distinguished from a tax sale void or voidable for failure to comply with some statutory requirement. The rights of the former owner could have been enforced in the case of Kennedy v. Sanders, because of the absence of any adverse occupancy or possession on the part of the purchaser at the tax sale, without regard to whether the sale was merely voidable or absolutely void for want of power to sell. Therein the

court sought to apply, as authority for its position, the
case of Hoskins v. Illinois Cent. R. Company, 78 Miss.
768, 29 So. 518, 84 Am. St. Rep. 644, as decisive of the
proposition that "where the tax collector has no power
whatever to sell, none of these statutes of limitation in-
voked in this case have any application." But, in the
Hoskins case, supra, the land in controversy was not
liable for assessment and taxation at all, and the statute
of limitation there invoked, Sec. 2735, Code of 1892,
providing that actual occupation for three years, etc.,
under a tax sale should bar the suit of the former owner
was held not to apply, not because the sale was absolutely
void on constitutional grounds for want of a valid assess-
ment but because it was never intended by the legislature
that this three year statute of limitations should have
any application to the sale of land which was not subject
to taxation; and the court in the case of Hamner v.
Yazoo-Delta Lbr. Company, supra, in discussing whether
a statute of limitation would apply in favor of a tax
sale made under an unconstitutional law, said that "the
question, if one of original impression, would not be
difficult of solution, but the difficulty lies solely in the
fact that this court, in Kennedy v. Sanders, 90 Miss. 524,
43 So. 913; Eastland v. [Yazoo Delta] Lbr. Company, 90
Miss. 330, 43 So. 956, and McLemore v. Anderson, 92
Miss. 42, 43 So. 878, 47 So. 801, decided this question,
wherein it was held that the statute under consideration
has no application where the sale for taxes is absolutely
void . . ." Therefore those cases were overruled
wherein they were in conflict on that particular ground
with what was then being held in the case under con-
sideration. It is significant that the court then quoted
with approval from the case of Dingey v. Paxton, supra,
the same language which had been quoted therefrom in
Kennedy v. Sanders, supra, to the effect that the legis-
lature had the power to prescribe within what reasonable
time one having a mere right of action may proceed, but

that one who is in the actual or *constructive* possession of his lands, and who has the right of possession of the property, needs no action to enforce his rights; and also quoted from the case of O'Conto Company v. Gerrard et al., 46 Wis. 317, 50 N. W. 591, 594, to the effect that the philosophy of statutes of limitations is that all un-challenged possession under color and claim of title, however defective, should ripen in time into an unchal-lenged title; that as "statutes of repose" they gave to *possession* a rest from litigation.

As further indicating that this court has not construed the case of Hamner v. Yazoo-Delta Lbr. Company, supra, as overruling all that had been said as to the rights of a former owner as against a defendant claiming under a tax sale, it was said in the more recent case of Newman v. J. J. White Lbr. Company, 162 Miss. 581, 741, 139 So. 838, 840, quoting from the opinion in Kennedy v. Sanders, that: "One who is in the actual or constructive possession of land, and who has the right of possession and of the property therein, needs no action to enforce his rights. . . . It is vital that there shall be a defendant to be sued, and that that defendant shall be in possession of the land sued for, before the limitations set up in this section can be claimed." Then the court further stated: "If the rule laid down in Kennedy v. Sanders, supra, were not the true rule, a person in possession and the enjoy-ment of land with a complete equitable title thereto could be barred by the statute from reforming a deed in his chain of title, or having his title quieted, notwithstand-ing it had never been challenged by any one. The statute has no application to a case of that kind. The statute applies to a suit in equity to recover land in possession of the defendant, and not to a suit in equity by a com-plainant in the possession and enjoyment of the land for the purpose of perfecting his title thereto."

Thus it will be seen that the court read into the statute of limitation under consideration in the Newman case,

supra, relating to suits in equity to "recover" land, the words "in the possession of the defendant"—a necessary element under our decisions to confer upon the legislature the constitutional power to require the owner to commence an action to enforce his rights. The same reason exists for implying these words in Ch. 196, Laws of 1934, "to recover said land from the state, or its patentees, on account of any defect, irregularity or illegality in the assessment, levy or sale of such land for delinquent taxes," since it is neither the tax sale nor the claim of title by the purchaser or its vendee under such a sale that places the statute of limitations in operation, but it is the invasion of the actual or constructive possession of the former owner under the tax sale that creates the duty on his part to commence an action within the period prescribed.

In again holding that the statute has no application to an owner in possession, the court said in White v. Noblin, 183 Miss. 92, 183 So. 914, in reference to Russell Investment Corp. v. Russell, that "It was necessary to give the statute that construction in order to bring it within constitutional limitations." Nor is there anything in the case of Jones v. Russell et al., 187 Miss. 827, 194 So. 290, to the contrary.

But, that which seems to now create some confusion in regard to the law on this question is certain dictum found in the opinion in Russell Investment Corp. v. Russell, supra, when, in upholding the constitutionality of Ch. 196, Laws of 1934, as applied to the defects, irregularities and illegalities of the tax sale then under consideration, we used the words "other than jurisdictional or constitutional objections," found in the paragraph therein which reads as follows: "As applied to defects, irregularities or illegalities in the assessment, levy and sale of land to the state for taxes, other than jurisdictional or constitutional objections, we are of the opinion that the constitutionality of the said Ch. 196, Laws of 1934, must

be upheld; that within this limitation the statute may be successfully invoked as one of limitation against any suit which seeks to challenge the validity of any tax sale to the state, embraced within provisions, on the ground of the existence of such defects, irregularities or illegalities, and particularly where the effect of its application would neither be to shorten the period allowed for redemption, nor to divest an estate in possession.''

In that case, the defects, irregularities and illegalities complained of were not deemed by the court to be jurisdictional or constitutional objections, and in applying Ch. 196, Laws of 1934, to the facts of that case, the author of the opinion yielded to the temptation to use the words ''other than jurisdictional or constitutional objections'' with the view of pretermitting a decision on that point until a case involving the validity of a tax sale on such objections should arise under this particular statute. But, from what we have already said in the opinion in the present case, it follows that we now hold that this statute of limitation applies as against either statutory or constitutional objections to the tax sale, but that at the same time it is wholly inapplicable either to a case where the former owner has remained in actual possession, either by himself or tenant, after the sale, or to a case where, if he does not remain in actual possession, there has been no adverse occupancy or possession by the purchaser at the tax sale, its patentee or his vendee for the period of limitation prescribed.

From the foregoing views, it also follows that the decree of the court below dismissing the bill of complaint must be reversed, and that a decree should be rendered here in favor of the appellant canceling the said tax sales and the patent issued pursuant thereto, because of the admitted invalidity of the said tax sales and the failure of the purchaser or its vendee to enter into the possession of the land under and by virtue thereof and hold the same

for the statutory period in such manner as to constitute an invasion of the constructive possession of the former owner and his vendee.

Reversed and decree here for the appellant.