CAMPBELL *et al. v.* WILSON.

(Division B.  May 10, 1943.)

[13 So. (2d) 624.  No. 35318.]

**J. R. Buchanan** and **B. F. Carter**, both of Laurel, for appellants.

Leonard B. Melvin, of Laurel, for appellee.

Argued orally by **B. F. Carter,** for appellants, and by **Leonard B. Melvin,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee filed his bill to confirm a tax title to a lot or parcel of land situated within the corporate limits of the City of Laurel in Jones County, the alleged tax sale having been made on September 19, 1932. Appellants filed no answer, and suffered a decree pro confesso, upon which a final decree was rendered in accordance with the prayer

of the bill. From this decree an appeal has been taken, and several grounds have been relied on in support of appellants' contention that the bill was insufficient to support a decree. See Pease & Dwyer Co. v. Somers Planting Co., 130 Miss. 147, 156, 93 So. 673.

The sale was made to the state, and it is through a forfeited tax patent from the state that appellee claims. One of the grounds which appellants urge for a reversal is that no certified copy of the list of the sale to the state was made an exhibit to the bill. It is not necessary to exhibit with the bill a certified copy of the list of sales made to the state on a particular sales day, but, when not so done, it is necessary to allege in terms of fact and not by way of mere legal conclusion that every successive step, essential to the validity of the tax sale—alleging the facts as to each essential step—was had and taken by the taxing authorities, inclusive from the original assessment by the tax assessor down to the sale itself. See on this subject Griffith Miss. Chan. Pr., Sec. 220. One of the successive steps necessary to be taken is legal process upon or notice to the taxpayer prior to the equalization of the assessment roll. There is no allegation in the bill whatevery that this essential step was taken.

It is interesting to note in this connection that in Grant v. Montgomery, 193 Miss. 175, 5 So. (2d) 491, 492, it is stated that a tax sale made in this same county and for a lot in the same city and on this same day was absolutely void, "because of the invalidity of the assessments under which the sales were made, due to the lack of legal process and notice to the taxpayer prior to the equalization and approval of the assessment rolls." Inasmuch as a bill to confirm a tax title must be a sworn bill, Section 402, Code 1930, it may be that complainant knew that no such legal process and notice to the taxpayer had been given or served, and, therefore, could not swear to a bill containing averments contrary to the facts; but however that may be, the stated essential averment is not in the bill, with the result that it is insufficient to sustain a decree, in the absence of the certified list as an exhibit.

The foregoing is enough to dispose of the appeal, but it is also observed that the allegations of the bill as to the original assessment and the proceedings subsequent thereto, so far as averred, refer to the assessment, etc., as having been made for and during the year 1932, and yet the bill proceeds further to aver that the sale was made on September 19, 1932, for the delinquent taxes of the year, 1931. This confusion and contradiction in averment may of itself be enough to render the bill insufficient to support a decree pro confesso, but since the point first mentioned requires a reversal, we do not decide the question presented in this paragraph, nor do we find it necessary to pursue the other questions argued by appellants.

Reversed and remanded.