## LEAVENWORTH *v.* CLAUGHTON.

(In Banc. Nov. 27, 1944. Suggestion of Error Overruled Feb. 12, 1945).

[19 So. (2d) 815. No. 35718.]

608

Hathorn & Hathorn, of Hattiesburg, for appellant.

Ben Stevens, of Hattiesburg, and H. K. McKee, of Picayune, for appellee.

Greek L. Rice, Attorney General, by **W. B. Fontaine**, Assistant Attorney General, and **Ben Stevens** and **Heidelberg & Roberts**, all of Hattiesburg, **H. K. McKee**, of Picayune, **Wells, Wells & Newman, Flowers, Brown & Hester** and **Green & Green**, all of Jackson, **McNeil, Jones, Goss & Zama**, of Hazlehurst, **Welch & Cooper**, of Laurel, and **J. S. Atkinson**, of Shreveport, La., for appellee, on suggestion of error.

Argued orally by **F. C. Hathorn**, for appellant, and by **Ben Stevens**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant, Leavenworth, was the owner in fee simple of the land hereinafter described and remains such owner unless his title was lost by the tax sales here in question. On the assessment roll for the year 1930 there was assessed to appellant as owner, and on line 11 of the page covering Secs. 6 and 7, Tp. 1, N. R. 13, the lands as follows: S.½ of S.W.¼ & N.W.¼ of S.E.¼ & S.½ of S. E.¼ Sec. 6, Tp. 1, N. R. 13, assessed valuation $1,000.

And on line 22 of the page, the land of appellant in Sec. 7 was separately assessed as follows: All except N.E. ¼ of N.W.¼ Sec. 7, Tp. 1, N. R. 13, $3,000.

It will be seen from the descriptions that, as located on the ground, the land constituted one tract of contiguous subdivisions. The taxes for the year were not paid and on the first Monday, the 6th day, of April 1931, the tax collector sold the lands to the state, but in making the sale he sold the land in Sec. 6 by one sale, No. 217, and the land in Sec. 7 by another, No. 218, as shown on the face of his certified list of sales to the state; so that he made two sales of one contiguous tract owned by the same owner, and the sales having been made under Sec. 3249, Code 1930, as it then stood, they were invalid. Gregory v. Brogan, 74 Miss. 694, 21 So. 521; Wilkerson v. Harrington, 115 Miss. 637, 76 So. 563; Carter v. Moore,

183 Miss. 112, 183 So. 512; also Cox v. Richerson, 186 Miss. 576, 191 So. 99, 124 A. L. R. 1138. Had the sales been subsequent to the amendment made to Sec. 3249, Code 1930, by Chap. 69, Ex. Sess. Laws 1938, Sec. 9923, Code 1942, they would have been valid, but, of course, that amendment can have no retroactive effect.

Appellee stresses the fact that, in his list of lands sold to the state, the tax collector certified that he made the sales ''pursuant to the requirements of law'' and appellee argues that, inasmuch as the law required the tax collector to make one sale of the one tract, it must be presumed that he acted accordingly, and Jones v. Seward, 196 Miss. 446, 16 So. (2d) 619, is cited. The presumption raised by the general recital is overcome here, however, by the specific disclosure in the body of his list that he made two sales, No. 217 and No. 218.

Appellee asserts, and the court so held, that after she had obtained her forfeited land patent from the state she went into the possession of the land, and remained in possession for more than two years next before the cross bill was filed by the appellant, and in that connection she invokes Chap. 196, Laws 1934, Sec. 717, Code 1942. A careful examination of this record discloses that the first act of appellee evidencing anything which may be considered as the taking of an adverse possession was when appellee had the land surveyed in October, 1940, and the cross bill by appellant challenging the tax sales was filed in September, 1942, or within less than two years. Prior to October, 1940, the lands were uncultivated, unenclosed cut-over acreage, and all that appellee had done to or with the lands was to visit the property, but doing nothing thereon which would arrest the attention of an owner. The affirmative of two years' adverse possession is not shown under any rule, however liberal, that can be found in our books.

It is evident that appellee is relying upon the supposed effect of the mere elapse of two years from the effective date of the Act, Chap. 196, Laws 1934, Sec. 717, Code

1942. Arguments continue to be made before us, as has been made here, that it is not only within the letter of that statute, but was the intention of the legislature in enacting it, that, regardless of possession, actual or constructive, the completion of the two years' limitation therein prescribed would extinguish all the right and title, including the right of possession, of all persons whomsoever except the state and its patentees. But whatever else may have happened, the principle announced in Dingey v. Paxton, 60 Miss. 1038, has withstood the challenges of the years, and still fully stands, that it is not within legislative power to divest an owner of his land, when he holds by a fee simple title with nobody else in possession, and transfer it to another; and as this may not be done directly, it may not be done indirectly by an enactment the effect of which is to cut down the ownership to a mere right of action, and that even that shall be lost unless asserted within the grace of a prescribed period. If, then, we had been obliged to look upon the statute according to its letter and asserted intention, we would have had to declare it unconstitutional.

We were obliged, therefore, in order to bring it within constitutional limitations, to hold that the two-year period of limitation under the statute does not begin to run until the possession of the true owner is invaded or disturbed by or through a claimant under the alleged tax sale, and we thought we had made this plain in Grant v. Montgomery, 193 Miss. 175, 5 So. (2d) 491, and its review of the cases therein cited. If further clarification be necessary, we again undertake it, and hereby state and hold that the two-year period of limitation under Chap. 196, Laws 1934, Sec. 717, Code 1942, does not begin to run until the possession of the true owner, whether that possession be actual or constructive, is invaded or disturbed by or through a claimant under the alleged tax sale, and this by an invasion which amounts to an actual, adverse pos-

session, and which to bar the owner must be maintained continuously for the prescribed period of two years.

The tax sales being invalid, the constructive possession of the lands remained with the appellant, the true owner, until the survey of October, 1940, and conceding, but not deciding, that the survey was sufficient to amount to an intrusion upon, or an invasion of, the possession of appellant, it was, as stated, within two years of the filing of appellant's cross bill, wherefore it becomes immaterial as to what happened on the lands after the survey.

Reversed and remanded.

## On Suggestion of Error.

**Roberds, J.**, delivered the opinion of the court on suggestion of error.

Appellee, in her suggestion of error, urges, as a new point not considered either in the arguments of counsel or by the Court on the original hearing, that in the cases of Nevin v. Bailey, 62 Miss. 433; Sigman v. Lundy, 66 Miss. 522, 6 So. 245, and Cole v. Coon, 70 Miss. 634, 12 So. 849, the Court upheld and gave effect to curative acts under Section 1, Art. IV, Constitution of 1869, and that this Section was brought forward and became Section 33, Constitution of 1890, and that the readoption of this constitutional provision also adopted the holdings in those cases. We do not fully grasp the force of the suggestion, even if those cases supported appellee's contention, since these sections of the Constitutions simply provide that "The legislative power of this state shall be vested in the legislature which shall consist of a senate and a house of representatives." But those cases are not authority for appellee's contention, for the reason that the statutes therein considered were prospective and the tax sales occurred after their passage. The courts recognize there is a vital and fundamental difference between special acts purporting to operate retroactively upon events

which have already occurred and rights which have already vested, and those which operate prospectively upon happenings yet to occur. Judge Cooper, who wrote the opinion in Dingey v. Paxton, 60 Miss. 1038, which dealt with a retroactive statute, also wrote the opinion in Cochran v. Baker, 60 Miss. 282, decided six months prior to Dingey v. Paxton. In the Cochran case it was said: "It cannot be denied that, for the purpose of making a future sale, the Legislature could, by special act, have cured all errors and irregularities in the assessment of the lands and the levy of the taxes, arising from the non-performance . . . of any act it might constitutionally dispense with for the future." All persons are charged with knowledge of existing law and such law is embodied in and becomes a part of the transaction thereunder.

It is further suggested that the requirement of possession by the tax purchaser at a void sale as a pre-requisite to invoking the benefit of Chapter 196, Laws of 1934, ought not to apply to the state, for the reason, so asserted, that it is not practical for the state to take possession of the lands purchased by it at tax sales. It is not clear that the state is not able to exercise over such lands the possession necessary to invoke the benefit of the special act, but even though it cannot do so, expediency in favor of the state cannot override fundamental and constitutional rights in favor of its citizens. But the point is not applicable in this case because this action was brought, not by the state, but by its patentee, who is not under the suggested disability.

It is next contended by appellee, with much persuasion, that we were in error in holding that possession by the tax purchaser at a void sale is necessary to the right to invoke the benefit of said Chapter 196, and we are asked to hold that the mere flight of time for two years precludes any and all right of action, and the assertion of any defense, on the part of the owner, whether possession has been taken by the tax purchaser or not, even though the

tax sale is void. In again considering this question we should have clearly in mind the essential existing facts in this case. They are (1) that the sale was void, invalid and of no effect (although the writer does not personally agree with that); (2) that the sale was three years prior to the passage of the act, and (3) neither the state, nor its patentee, appellee herein, has exercised adverse possession over the property, or disturbed the possession of the owner, for the time prescribed by the act, which the reporter will here set out as a footnote.[1] It will be seen that

---

[1]Chapter 196

House Bill No. 259

An Act to limit the time within which actions may be brought to cancel the state's title to any land or to recover any land from the state which has been or may hereafter be sold or forfeited to the state for taxes on account of defect, irregularity or illegality in the assessment, levy or sale of such land for taxes, to except those under disability, to provide that the completion of the limitation shall defeat the rights of all persons in and to said land except the state and its patentees, and for other purposes.

Section 1. Be it enacted by the Legislature of the State of Mississippi, That the owner, mortgagee or other person interested in any land which has been heretofore or may be hereafter sold or forfeited to the state for delinquent taxes may bring a suit or action to cancel the title of the state, or its patentees, or to recover said land from the state, or its patentees, on account of any defect, irregularity or illegality in the assessment, levy or sale of such land for delinquent taxes, . . . and not thereafter. Provided, however, the limitations herein fixed shall not apply when the taxes on such land had been paid prior to the time it was sold for taxes, and provided, further, that the provisions of this act shall not apply to lands sold to the state prior to January 1, 1928.

Section 2. If any person entitled to bring any action mentioned in section 1 hereof shall, at the time at which the cause of action accrues, be under the disability of infancy, or unsoundness of mind, he may bring the action within the time in this act respectively limited after his disability shall be removed but the saving of persons under disability shall never extend longer than twenty-one years.

Section 1 is purely a statute of limitation. It merely prescribes the time in which the owner must bring an action. It does not by its terms endeavor to correct any defect or irregularity in the sale. These are cured, if cured at all, not by the express terms of the act, but only as a result of the inability of the owner to attack them. But Section 3 goes further than Section 1. It undertakes to divest out of the owner and invest in the state, or its patentee, title to the property. Lee v. Smith, 189 Miss. 636, 198 So. 296. It would seem clear that Section 3, standing alone, is unconstitutional. It is an effort at forced conveyance by legislative fiat. That is not due process of law. Section 14, Constitution of 1890. The sale being void and invalid and the legislative fiat being ineffective no right or title is taken from the owner, or vested in the purchaser, by either. In that situation, without more, no cause of action has accrued, or need be invoked, by the owner. That was the exact situation confronting the court when it said in Dingey v. Paxton, supra, ''. . . there is a wide distinction between that legislation which requires one having a mere right to sue, to pursue the right speedily, and that which creates the necessity for suit by converting an estate in possession into a mere right of action, and then limits the time in which the suit may be brought.'' In other words, the legislature has no power to create and bring into existence a right of action which does not exist in fact. It cannot by legislative fiat set up, Don Quixote like, an imaginary windmill and command the property owner to charge and de-

Section 3. The completion of the limitation herein prescribed to bar any action shall defeat and extinguish all the right, title and interest, including the right of possession in and to such land, of any and all persons whatsoever, except the state of Mississippi and its patentees, and it shall vest in the state, and its patentees, a fee simple title to such lands.

Section 4. That this act shall take effect and be in force from and after its passage.

Approved April 4, 1934.

molish it by legal proceedings within a stated time. Therefore, to save the constitutionality of the statute and give it some effect, we had to couple the sale with adverse possession by the purchaser. Russell Inv. Co. v. Russell, 182 Miss. 385, 178 So. 815, 182 So. 102; White v. Noblin, 183 Miss. 92, 183 So. 914; Bruce Co. v. Smallwood, 188 Miss. 771, 196 So. 227; Grant v. Montgomery, 193 Miss. 175, 5 So. (2d) 491. The original opinion herein restates the announcement. As was said in Carlisle v. Goode, 71 Miss. 453, 15 So. 119, 120, ''We cannot impute to the law-making department a purpose to wrest from the citizen his title to the lands by a mere legislative declaration, after an attempt to do so under a void assessment, and a failure in such attempt.'' The adverse possession holding was the most favorable which could be given the state under the circumstances. Whether the court was justified in so doing, construing the strict wording of the statute, is doubtful, but, whether such construction was technically correct or not, looking only to the wording of the statute, we think it is too late now to reverse that holding, since it has become a rule of property and no doubt has been widely acted upon, and especially since the only sales involved are those which occurred prior to April 4, 1934. We might add here that we are not called upon in this case to pass upon the constitutionality of Chapter 196. Neither party attacks its validity. What we have said on that subject was for the purpose of showing the necessity for adverse possession.

And in order that there be no mistake as to the character of possession herein meant we will say it is that character and type of possession required under Section 711, Code 1942, the ten years' adverse possession statute, and not that under Section 716, Code 1942, the three years' actual occupation under tax title statute.

Appellee again presses upon us the argument that mere defects and irregularities in tax sales may be cured by retroactive acts of the legislature if of a character the legislature might have dispensed with by prior law. But,

as we have said, the manner of sale here was not a defect or mere irregularity. The sale was void. And if the special act works the effect intended, without the requirement of adverse possession, property is taken without due process of law. So that we have here involved both a departure from the statute and a constitutional question, which cannot be cured by a retroactive statute. Russell Inv. Co. v. Russell, supra.

Overruled.

**L. A. Smith, Sr., J.,** took no part in this decision.

### CONCURRING OPINION.

**Sydney Smith, C. J.,** delivered a concurring opinion.

I concur in the overruling of this Suggestion of Error, but all that was said in our former opinion herein relative to the period of limitation prescribed by Chap. 196, Laws 1934, beginning when the possession of the owner of land sold to the state for taxes is invaded by the state or its patentee, should be withdrawn. In addition, Dingey v. Paxton, 60 Miss. 1038, should be reaffirmed without any modification thereof, and the uncertainty which has been injected by Russell Investment Company v. Russell, 182 Miss. 385, 178 So. 815, 182 So. 102, onto the question of the validity vel non of Chap. 196, Laws 1934, as applied to sales of land to the state for taxes, made prior to the statute's enactment, should be here definitely and effectively cleared up; which, with deference, the opinion just rendered does not do.

Whether Chap. 196, Laws 1934, be viewed as a statute of limitation, or as a curative act, the result as to its constitutional validity vel non, when applied to sales of land to the state for taxes, made prior to its enactment, will be the same. That statute, if valid, would convert a void sale of land to the state for taxes, made prior to its enactment; into a valid sale, and transfer the title to the

land from its owner to the state or its patentee by the mere flight of time—two years from the date the statute was enacted—unless the owner in the meantime has brought a suit or action to cancel the title of the state or its patentee. Such a statute was held to violate the Due Process Clause of our Bill of Rights in Dingey v. Paxton, supra, although the possession of the land by its owner was not actual, but only constructive. This holding was followed and approved in Carlisle v. Goode, 71 Miss. 453, 15 So. 119. The question of the validity of such a statute, as applied to the sales of land for taxes, made before its enactment, was next presented to this Court by Russell Investment Co. v. Russell, supra. In that case, the Court understood Dingey v. Paxton, supra, to hold that such a statute was valid except as against a landowner who was in the actual possession of the land sold. This appears not only from the opinion then rendered, but from the disposition made by the Court of the case it was then considering. In that case, a landowner had filed a bill in equity more than two years after the enactment of Chap. 196, Laws 1934, to cancel a sale of his land to the state for taxes, made prior to the enactment of the statute. His bill of complaint did not allege that he was in possession of the land. A demurrer to the bill was overruled by the trial court, which ruling this Court reversed, holding that the demurrer should have been sustained, but that the complainant had the right to amend his bill, if he so desired, by alleging possession of the land, meaning actual possession, for it clearly appeared from the bill of complaint that the complainant was in the constructive possession thereof; and the case was remanded to the trial court, so that the complainant could if he so desired, amend his bill of complaint by alleging that he was in possession of the land. What the Court should have there done, under Dingey v. Paxton, was to affirm the holding of the trial court, and not have permitted the statute to be invoked against the complainant, if it should finally appear that he was only in constructive possession of the

land. This Court afterwards so understood, and applied the Russell case in White v. Noblin, 183 Miss. 92, 183 So. 914; and in Lee v. Smith, 189 Miss. 636, 198 So. 296.

In Bruce v. Smallwood, 188 Miss. 771, 196 So. 227; and Grant v. Montgomery, 193 Miss. 175, 5 So. (2d) 491, the Russell case was construed as holding that Chap. 196, Laws 1934, could not be constitutionally applied to a landowner whose land had been sold to the state for taxes, although he had only constructive possession of the land; but it was said that the statute could be constitutionally applied to such a landowner when his right of possession has been invaded by the state or its patentee by an adverse occupancy or possession of the land; and in that event the two-year period of limitation prescribed by the statute begins, not on the day that it was enacted, but when, and not until, such adverse possession begins. Neither Dingey v. Paxton nor Russell Investment Company v. Russell so held, and such construction of the statute was not necessary for the decision of the question presented in either Bruce v. Smallwood, or Grant v. Montgomery. The date fixed by the statute for the beginning of its period of limitation of the land sold to the state for taxes before its enactment is, "The date this act becomes effective." To provide another date for the beginning of this period of limitation is not within the province of this Court; for so to do is a legislative, and not a judicial, act. Moreover, the statute contemplates possession of the land by the state or its patentee in some cases; for its language is that the owner ". . . may bring a suit or action to cancel the title of the state, or its patentees, or *to recover the land from the state, or its patentees*" (italics mine). Nevertheless, the statutory date for the beginning of its limitation in an action to recover the land in a case where the tax purchaser is in possession thereof is the day the statute was enacted. Such construction of the statute would transform it from one which cures defects in a tax sale by the failure of a landowner to begin an action to cancel the sale or recover

the land within a stipulated time, to one conferring title on the tax purchaser who enters and occupies the land for that stipulated period. In other words, to a substitute for Sec. 716, Code 1942, and reduce the period of occupancy from the three years required by that statute to two years.

As we said in our former opinion herein, 19 So. (2d) 815, 816, ''The principle announced in Dingey v. Paxton, 60 Miss. 1038, has withstood the challenges of the years, and still fully stands.'' In order that the truth of the statement may no longer be challenged by Russell Investment Company v. Russell; White v. Noblin and Lee v. Smith, all supra, and that they may no longer mislead, they should either be overruled, or if a softer expression is desired, disapproved, insofar as they hold expressly or by implication that Chap. 196, Laws 1934, is constitutionally valid, except as against a landowner who is in actual possession of the land sold to the state for taxes; and the statement in Bruce v. Smallwood, and Grant v. Montgomery, that this statute can be constitutionally invoked by the state or its vendee, if the state or its vendee has taken, and retains, possession of the land should be disapproved. Under Dingey v. Paxton, supra, Chap. 196, Laws 1934, cannot be constitutionally applied to the owner of land sold to the state for taxes, it matters not who is in possession thereof. Sec. 716, Code 1942, sets forth the legislative intent as to what the rights of a tax purchaser are when he is in the actual possession of the land.

It is true that Russell Investment Company v. Russell was overruled sub-silentio by the construction put upon it in Bruce v. Smallwood and Grant v. Montgomery insofar as it holds that Chap. 196, Laws 1934, can be invoked against a landowner whose land had been sold for taxes prior to the enactment of the statute, and who is only in the constructive possession thereof, but that case continues to mislead, as is evidenced by the argument of counsel herein.

As to Bruce v. Smallwood and Grant v. Montgomery, my Associates say that "whether the court was justified in" holding that the statements therein that this statute can be invoked against the owner of land sold by the state for taxes prior to the enactment of the statute, by the state or its patentees, if in possession of the land, "is doubtful, but, whether such construction was technically correct or not, looking only to the wording of the statute, we think it is too late now to reverse that holding, since it has become a rule of property and no doubt has been widely acted upon, and especially since the only sales involved are those which occurred prior to April 4, 1934." As hereinbefore pointed out, that question was not involved in those cases, and the statement thereof by the Court, in its opinions, did not enter into the decision of the rights of the parties then before the Court, and therefore are not within the general rule of stare decisis; City of Jackson v. Wallace, 189 Miss. 252, 196 So. 223; nor the specific rule thereof known as the "Rule of Property." Yazoo & M. V. Railroad v. Adams, 81 Miss. 90, 32 So. 937. Neither is that question involved in the case we are now considering, for as pointed out in our former opinion, the appellant is not in possession of the land. But, if the Rule of Property is to be here invoked, nevertheless those cases should be expressly overruled as was done in Wisconsin Lumber Company v. State, 97 Miss. 571, 54 So. 247, for as there held business transactions heretofore entered into in reliance on what they held will be protected thereby. See also Mississippi State Tax Commission v. Brown, 188 Miss. 483, 193 So. 794, 195 So. 465, 127 A. L. R. 919, 933.

I participated in the decision of Russell Investment Company v. Russell, concurred in everything there said and done, and accept fully my share of the responsibility for the error therein committed.