SMITH *et al. v.* MYRICK.

(Division A.   April 14, 1947.   Suggestion of Error Overruled May 12, 1947.)

[29 So. (2d) 924.   No. 36365.]

Leonard B. Melvin, of Laurel, for appellant.

J. M. Travis, of Meridian, for appellee.

Argued orally by **Leonard B. Melvin**, for appellants, and by **J. M. Travis**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

The forty-acre tract of land here in question was owned by Gracie Smith at the time of its sale to the State of Mississippi for delinquent taxes. Appellee Myrick obtained a patent thereto dated March 20, 1941, which was not filed for record until July 31, 1942. Myrick also obtained a quitclaim deed to the land from Gracie Smith, dated January 18, 1944. On March 24, 1944, Gracie Smith, then a non compos mentis, through next friend, filed a bill to set aside the patent and the deed as clouds upon her title. Gracie Smith died May 7, 1944, and thereafter her heirs, by amended bill, became complainants.

The Chancellor held both the patent and the quitclaim deed to be invalid and that they conveyed to Myrick no title to the land—the patent, for the reason the tax sale was made at the wrong place and the quitclaim deed because Gracie Smith did not have the legal capacity to execute it and also because it was obtained through misrepresentation. In so holding the Chancellor was correct, his decree in that regard not being challenged here.

However, he also held that Myrick had taken possession of the land under his patent and had exercised such acts and claim of ownership thereover for two years prior to the filing of the bill herein as to preclude the owner of the land filing a suit to attack the tax sale and the patent, from which holding this appeal is taken. Section 717, Code 1942, provides:

"The owner, mortgagee or other person interested in any land which has been heretofore or may be hereafter sold or forfeited to the State, for delinquent taxes may bring a suit or action to cancel the title of the State, or its patentees, or to recover said land from the State, or its patentees, on account of any defect, irregularity or illegality in the assessment, levy or sale of such land for delinquent taxes, within two years after the date this Act becomes effective as to lands heretofore sold or forfeited to the State for delinquent taxes, and within two years after the period of redemption shall have expired, as to lands hereafter sold or forfeited to the State for delinquent taxes, and not thereafter. . . .

"The completion of the limitation herein prescribed to bar any action shall defeat and extinquish all the right, title and interest, including the right of possession in and to such land, of any and all persons whatsoever, except the State of Mississippi and its patentees, and it shall vest in the State, and its patentees, a fee simple title to such lands."

This court is committed to the rule that the former owner is not required to actually occupy the land in the meantime by residing thereon to have it in his possession and under his control. (Bruce Co. v. Smallwood, 188 Miss. 771, 196 So. 227), and that the said Section 717 is a statute of limitation and that the limitation does not begin to run against the owner until his possession is invaded by some act of a claimant which amounts to an actual, hostile, adverse possession of the nature required by Section 711, Code 1942, the ten years' adverse statute. Bruce Co. v. Smallwood, supra; Grant v. Montgomery et al., 193 Miss. 175, 5 So. (2d) 491; Leavenworth v. Claughton, 197 Miss. 606, 19 So. (2d) 815, 20 So. (2d) 821; Suggestion of Error, 197 Miss. 606, 607, 20 So. (2d) 821; Hooper v. Walker et al., 201 Miss. 158, 29 So. (2d) 72.

Appellants say (1) the acts of ownership shown to have been exercised by Myrick over the land are not such acts as in their nature invoke in his behalf the benefit of the

foregoing section, but, if so, (2) they did not continue during two years previous to the filing of the bill herein, and (3) it is not shown that any single act of adverse possession occurred as long as two years ·prior to the filing of the bill. It is not necessary for us to pass upon the first two contentions because the third is well taken.

It will be noted the bill was filed March 24, 1944; therefore, the proof for Myrick must show he performed upon the property such an overt act and under such circumstances as started the statute running two years prior to the date the bill was filed. It will be noted the patent is dated March 20, 1941, although not filed for record until July 31, 1942. Myrick was asked by his counsel, ''After you received the state land patent what did you do with reference to this 40 acres of land? A. I taken possession of it. Q. How did you take possession of it? A. I think the first thing I did I went down there, the house a part of it had fallen in, such boards, lumber I thought I could use, I taken it down, and before I got through it seems fire had got out from some cause and burned the balance of the house.'' On cross-examination he was asked when the house burned and he replied, ''I think it burned in the fall of 1942, . . .'' It will be seen, therefore, that Myrick says his first act of possession was tearing down an old house and before he finished the house burned and that it burned in the fall of 1942. This first act of possession, under appellee's own testimony, was within two years of the filing of the original bill herein. No evidence in this record disproves that. Myrick, by cross-bill, asserted he had performed such acts as precluded maintenance by the land owner of this bill, and the burden was on him to prove such acts for the time required by the statute. If one is to be deprived of his property by adverse possession exercised for only two years, the proof, not only of the nature of the acts but the time within which they begin, should be shown by evidence which is definite, specific, clear and positive.

Reversed and decree here for appellants.